MAYOR OF LYNN *vs.* JUDGE OF THE DISTRICT COURT OF SOUTHERN ESSEX.

Essex.    November 14, 15, 1927. — May 28, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*District Court*, Review of removal under civil service. *Civil Service. Police*, Removal of officer.

The mayor of Lynn, at the request of a police officer employed under the classified civil service, gave him a hearing upon charges of drunkenness, operating a motor vehicle while under the influence of intoxicating liquor, unlawfully transporting intoxicating liquor, and of conduct unbecoming an officer, found him guilty as charged and removed him. The officer brought a petition in the District Court under St. 1923, c. 242, § 2, as amended by St. 1925, c. 220. The judge found the officer guilty as charged; that the mayor's order of removal was not justified, but that an order by him suspending the officer was justified. Upon a petition for a writ of certiorari it was *held*, that

(1) The judge having found that the officer had committed the offences charged, the judge's further finding that the order of removal was not justified was erroneous; it could not be said as a matter of law that the order of removal was not justified;

(2) The writ of certiorari was ordered to issue.

PETITION, filed in the Supreme Judicial Court for the county of Essex on April 12, 1927, for a writ of certiorari directing the respondent to present the record of the proceedings before the petitioner with relation to the charges against Charles E. Berry, a police officer, "to the end that

the same or so much thereof as may be illegal may be quashed."

Material facts are stated in the opinion.   The case was reserved by *Braley,* J., for determination by the full court.

*P. F. Shanahan,* City Solicitor, for the petitioner.

*S. Parsons,* for the respondent.

BRALEY, J.   This is a petition for certiorari brought by the petitioner as mayor of the city of Lynn, to vacate findings of the respondent made in proceedings had before the petitioner from which a review was sought as provided in St. 1923, c. 242, § 2, as amended by St. 1925, c. 220.   The case is before us on reservation by a single justice of this court.   The pertinent facts are that on August 30, 1926, the petitioner gave written notice of his temporary suspension of and intention to remove one Charles E. Berry, a police officer of the city of Lynn, about sixty-five years of age, employed under the classified civil service, assigning as reasons therefor charges which had been preferred against him by the chief of police of Lynn, as follows: "A.   That on August 20, 1926, at Ipswich in our county of Essex you were drunk from the voluntary use of intoxicating liquor.   B.   That on August 20, 1926, you drank intoxicating liquor to such an extent and degree that you became in such a condition and so acted, on a highway in Ipswich in our county of Essex, that you were arrested by a police officer of the town of Ipswich on the charge of operating an automobile under the influence of liquor and a further charge of drunkenness. C.   That on August 20, 1926, you transported intoxicating liquor on a highway in the town of Ipswich in our county of Æssex in an automobile in which you were the sole occupant and driver.   D.   That on August 20, 1926, at said Ipswich, you were guilty of conduct unbecoming a police officer."   Upon receiving the notice Berry requested a public hearing which was held on September 7, 1926, and within three days thereafter Berry was notified that he had been found guilty of the charges preferred against him and that he was removed from his position as police officer under the classified civil service for the reasons already quoted.   Within thirty days thereafter, Berry brought a petition for review,

in the District Court of Southern Essex, upon which a hearing was had on January 31, 1927.   On March 26, 1927, the reviewing judge caused the following entries to be made on the docket of said court: "A. I therefore find and rule that the petitioner was guilty of charges Nos. 1, 2, 3, and 4.   B. I find and rule that the action of the respondent in removing the petitioner from the office of patrolman was not justified and that decision is hereby reversed.   C. I find and rule that the action of the respondent in suspending the petitioner on August 30, 1926, and its later ratification and confirmation on September 8, 1926, was justified and that decision is hereby affirmed.   D. I therefore find and rule that the petitioner is indefinitely suspended from the position of patrolman in the Lynn Police Department."   These findings concluded a "Memorandum of Decision" filed March 21, 1927, in which are set forth in full his grounds of decision.   At the hearing upon review no questions were raised by either party as to the regularity or legality of any proceedings had prior thereto.   It was agreed by counsel for both parties that "everything has been done in compliance with the statute."

In *Selectmen of Wakefield* v. *Judge of the District Court*, 262 Mass. 477, decided since the case at bar was argued, it was said: "The statute respecting review by a judge of a district court of the removal by an executive officer or board of a police officer holding an office classified under the civil service rules, in any city except Boston or in any town, is now St. 1923, c. 242, § 1, as amended by St. 1925, c. 220. . . . The jurisdiction thus conferred is purely statutory.   It does not exist at common law. . . . The words of the enabling statute, therefore, constitute the rule by which judges\ of district courts must be guided in exercising the powers imposed.   The requirement still is as heretofore to 'review' the action of the removing officer or board as that word has been defined in earlier decisions.   The matter is not to be tried anew as if it were an appeal.   *Swan* v. *Justices of the Superior Court*, 222 Mass. 542, 547, 548.   *Mayor of Medford* v. *Judge of the District Court*, 249 Mass. 465, 571. . . . the question to be decided in each case is whether the entire action of the removing officer or board and not some part of

such action 'was justified.'   In this connection 'justified' means done upon adequate reasons sufficiently supported by credible evidence, when weighed by an unprejudiced mind, guided by common sense and by correct rules of law.   The action of the officer or board making the removal can stand under these statutory words only after an affirmative finding by the court in the exercise of sound judicial judgment upon all the evidence that such action 'was justified.'   This imports that the preponderance of proof on all the evidence must support the conclusion that such action 'was justified.' . . . The present statute is different in phrase and in meaning and effect from G. L. c. 31, § 45, and its predecessors (now found in St. 1925, c. 220, § 3), where the court was and is required on review to affirm the decision of the removing officer or board, 'unless it shall appear that it was made without proper cause or in bad faith.'   That was the statutory rule established for the action of the district courts under consideration in *Commissioner of Public Works* v. *Judge of the Municipal Court,* 228 Mass. 12, 16, *Murray* v. *Justices of the Municipal Court,* 233 Mass. 186, *Mayor of Medford* v. *Judge of the District Court,* 249 Mass. 465."

It follows in the case at bar that, the judge having found that Berry committed the offences charged against him by the mayor, it cannot be said as matter of law that his removal from the police force was not justified.   A writ of certiorari therefore is to issue.

*So ordered.*