ESTHER M. YUNITZ *vs.* CITY OF CHELSEA.

Suffolk.   October 7, 8, 1929. — January 28, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Civil Service.   Chelsea.   Municipal Corporations*, Officers and agents.

The superintendent of public buildings of Chelsea, a departmental officer appointed and removable by the mayor and authorized by the city charter, St. 1911, c. 680, to employ labor, appointed a woman to be telephone operator in the city hall in accordance with the civil service law. Subsequently the mayor, who by the charter was the chief executive officer of the city and authorized to exercise all its executive powers personally or through the several officers and boards in their respective departments under his general supervision and control, in writing notified the woman that she was removed from her position for the reason that the position had been abolished. She duly requested and the mayor held a public hearing with reference to her removal. The superintendent took no part in such hearing, nor did he hold a hearing. The mayor thereafter in writing notified the woman that he had abolished the position of telephone operator on the grounds of economy. His action was approved in writing by the superintendent and his decision affirmed by a judge of a district court after hearing a petition for review brought by the woman. A petition for a writ of certiorari to quash the proceedings in the district court was dismissed after a hearing. The woman then brought an action against the city to recover wages

alleged to have been lost by her by reason of her having been denied such employment. *Held,* that

(1) The mayor had power to abolish the plaintiff's position for the good of the city, provided he acted in good faith for that purpose: such power was not affected by the authority given the superintendent to hire labor;

(2) The procedure followed by the mayor conformed to G. L. c. 31, § 43;

(3) The decision of the district court judge was conclusive upon the issue of the mayor's good faith;

(4) The plaintiff's position lawfully had been abolished;

(5) The plaintiff could not recover.

CONTRACT. Writ dated January 30, 1928.

In the Superior Court, the action was tried before *Mac-leod,* J., on an agreed "Statement of the Facts," material portions of which are stated in the opinion. The judge ordered a verdict for the plaintiff in the sum of $950 and reported the action for determination by this court.

*C. Richmond,* for the defendant.

*J. L. Murphy,* for the plaintiff.

RUGG, C.J. This case was tried in the Superior Court before a judge and jury. It comes before us by report. There was "an agreement as to all the material facts," the parties having signed what is termed "Statement of the Facts." Apparently this was intended to be a case stated. *Frati* v. *Jannini,* 226 Mass. 430. So far as relevant to the determination of the questions of law presented, those facts are: In April, 1926, pursuant to requisition under the civil service laws, the acting superintendent of public buildings of the defendant appointed the plaintiff telephone operator to be employed in the city hall. She continued to perform duties as such telephone operator for the defendant until January 19, 1927, when she was notified in writing by the mayor of the defendant city that she was removed from that position because the position had been abolished. She seasonably requested of the mayor a public hearing. Her request was duly granted. A hearing was held before the mayor at which the plaintiff was represented by counsel and testimony was presented in her behalf. At this hearing the superintendent of public buildings took no part and he held no hearing. Shortly after the hearing the

mayor notified the plaintiff in writing that he found the position of telephone operator no longer necessary and declared it abolished on grounds of economy. This was approved in writing by the superintendent of public buildings. Thereafter the plaintiff filed a petition in the District Court of Chelsea asking for a review of this action of the mayor. Hearing was duly held and the finding made that the decision of the mayor was affirmed. The plaintiff then filed a petition for a writ of certiorari to quash these proceedings of the District Court, which was dismissed after hearing. Then the plaintiff brought this action of contract to recover wages alleged to have been lost by her by reason of having been denied employment in the service of the defendant. *Ransom* v. *Boston,* 196 Mass. 248.

The mayor had power under the charter of the defendant city to abolish the position of telephone operator in the city hall because unnecessary, provided he acted in good faith and with a genuine purpose to practice economy for the general welfare. *Garvey* v. *Lowell,* 199 Mass. 47. By the city charter, St. 1911, c. 680, Part II, § 50, the mayor is the chief executive officer of the defendant city and exercises all executive powers of the city either personally or through the several officers and boards in their respective departments under his general supervision and control. The superintendent of public buildings by whom the plaintiff was appointed was a departmental officer appointed and removable by the mayor. By § 61 of said c. 680, Part II, the superintendent of public buildings within his department was authorized to employ labor and make contracts, the signature of the mayor being required on all contracts involving over $200. This did not prevent the mayor from exercising in good faith the highly important and laudable abolition of an unnecessary position within that department. The procedure adopted by the mayor was in strict conformity to G. L. c. 31, § 43. The hearing asked for by the plaintiff was properly held before the mayor as the person whose action had effected her discharge. There is nothing at variance in *Fiske* v. *Worcester,* 219 Mass. 428. The plaintiff rightly sought review of the action of

the mayor in the District Court. The decision of that court affirming the decision of the mayor was final as to matters of fact. *Commissioner of Public Works* v. *Justice of District Court,* 228 Mass. 12, 16. *Selectmen of Wakefield* v. *Judge of District Court,* 262 Mass. 477. *Mayor of Lynn* v. *Judge of District Court,* 263 Mass. 596.

It follows that the position formerly held by the plaintiff was abolished in conformity to law and that she is therefore not entitled to prevail in this action. The verdict was improperly directed in her favor. The verdict is set aside and in accordance with the terms of the report judgment is to be entered for the defendant.

*So ordered.*