THOMAS F. DALEY *vs.* DISTRICT COURT OF WESTERN
HAMPDEN.

Hampden.    September 23, 1937. — October 19, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, & QUA, JJ.

*Police Officer. Westfield. Civil Service. Waiver. Notice. Time. Dis-
trict Court,* Review of removal in civil service.

The police commission of the city of Westfield, and not the mayor, under
the charter and ordinances in effect in 1936 had authority to remove
the chief of police from office for cause.

A police officer, by proceeding by a petition for review under G. L. (Ter.
Ed.) c. 31, § 42B, of an order removing him, instead of by a petition
for a writ of mandamus which he could have maintained on the ground
that the notice given him under § 42A was merely of a hearing respect-
ing his suspension and did not justify his removal, waived his right to
contend that the order of removal was for that reason unlawful.

A finding by a judge, reviewing under G. L. (Ter. Ed.) c. 31, § 42B, an
order removing a police officer, that the statement of reasons set out
under § 42A for contemplated action were adequate, showed no error.

An order of removal of a police officer "on charges of neglect of duty,
of conduct unbecoming an officer and for acts contrary to the good
order or discipline of the service and for insubordination, as more
fully set forth in" a notice previously given him under G. L. (Ter.
Ed.) c. 31, § 42A, which contained the date of each offence charged,
complied with the requirements of the statute.

A notice to a police officer of his removal after hearing of charges, re-
ceived by him on the fourth day after the hearing, a Sunday having
intervened, complied with the requirements of G. L. (Ter. Ed.) c. 31,
§ 42A, of a notice within three days.

Evidence before a judge reviewing under G. L. (Ter. Ed.) c. 31, § 42B,
the removal of a police officer by a police commission, did not require
a conclusion that the commission's refusal of a request by the officer
for a second continuance of the hearing held by it under § 42A was
wrong as a matter of law.

Testimony that a police officer smelled of "liquor on his breath" and
that he walked "very unsteadily" and in that condition entered an
automobile and drove it upon a public way, warranted a finding by
a commission, and its affirmance by a reviewing judge under G. L.
(Ter. Ed.) c. 31, § 42B, that the officer was guilty of conduct unbe-
coming an officer, and justified his removal, although he was not in
uniform or performing the duties of his office when such conduct
occurred.

PETITION, filed in the Supreme Judicial Court for the county of Hampden on February 17, 1937, for a writ of certiorari.

The petition was heard and was dismissed by order of *Pierce*, J.

*W. A. Heaphy*, for the petitioner.

*H. B. Putnam*, City Solicitor, for the respondent.

DONAHUE, J. The petitioner was removed from the position of chief of police of Westfield by the police commission of that city after a hearing on thirty-five charges of alleged misconduct preferred by the commission. He seasonably filed a petition in the District Court for a review of the action of the commission in removing him. G. L. (Ter. Ed.) c. 31, § 42B. The commission found him guilty on all the charges. The judge in the District Court found that as to thirty-four of the charges the action of the commission was not justified. He found, however, that the action of the commission was justified as to one charge — of conduct unbecoming an officer on a single occasion.

The petitioner has brought a petition for a writ of certiorari to obtain a review of the decision of the judge in the District Court and his reinstatement as chief of police. A single justice of this court dismissed the petition. The case is here on exceptions to the refusal of the single justice to give certain requests of the petitioner for rulings of law. The substance of these requests for rulings may be stated as follows: (1) that as matter of law the power to remove the petitioner was vested in the mayor of Westfield with the approval of the city council and not in the police commission; (2) that the petitioner was not lawfully removed in accordance with the provisions of G. L. (Ter. Ed.) c. 31, § 42A; (3) that as matter of law the act of the police commission in refusing to grant the petitioner a continuance of the hearing before it, because of his inability to be present on account of illness, was erroneous and prejudicial to the petitioner; and (4) that as matter of law the evidence submitted in support of the only charge sustained by the judge in the District Court, even if believed, did not justify the removal of the petitioner.

The petitioner, on November 23, 1936, received from the police commission two letters bearing that date. One letter notified him to appear for a hearing before the commission to be held on the twenty-eighth day of November on his "suspension as Chief of Police because of neglect of duty, more specifically for neglect of duty" on sixteen different days, "for conduct unbecoming an officer" on two occasions, "for acts contrary to the good order or discipline of the service" on one occasion, and "for insubordination" on sixteen different occasions, the date in each instance being specified. . The other letter stated that the petitioner was relieved of his duties as chief of police pending a hearing on the charges preferred against him. On November 28, the day set for the hearing by the notice, the petitioner appeared before the commission and pleaded not guilty to the charges made. At his request a continuance of the hearing to December 5 was granted. The petitioner was not present at the hearing on December 5. The request of his counsel for a further continuance was denied. Following the hearing the commission made an order removing the petitioner.

1. The petitioner contends that the police commission was not vested with the power to remove him as chief of police.

The city of Westfield was incorporated by St. 1920, c. 294. Section 5 of said c. 294 provides that "All heads of departments and members of municipal boards" (with exceptions not here material) "shall be appointed by the mayor except as otherwise provided herein, subject to confirmation by the city council," and § 7 provides that "The mayor may, with the approval of a majority of the members of the city council, remove any head of a department or member of a board," with certain exceptions here immaterial. The power given by the city charter, in the sections above quoted, to appoint and to remove officers of the city, is in terms limited to the appointment and removal of heads of departments and members of municipal boards. It is the contention of the petitioner that as chief of police he was the head of a department of the city and therefore removable only by the mayor with the approval of the city coun-

cil. But the language of the charter makes it plain that the head of the police department in the city of Westfield is not the chief of police but the police commission. Section 8 of the charter provides that "There shall be the following departments, boards and officers in the city . . ." including "The police department, under the charge of a commission, which shall consist of the mayor, who shall be the chairman, and two members who shall be appointed by him subject to confirmation by the city council . . . ." As a chief of police of the city is not the "head of a department or member of a board," he is not removable by "The mayor . . . with the approval of a majority of the members of the city council" under the provisions of § 7 above quoted.

The city charter vested the legislative powers of the city in the city council (St. 1920, c. 294, § 4), and in § 17 further provided, with exceptions not here material, that "the legislative powers of the city council may be exercised as provided by ordinance or rule adopted by it." The city council in 1921 made provision for the exercise of certain of its legislative powers by the adoption of an ordinance entitled "An ordinance relating to the Police Department." This ordinance among other things provided: "The police department of the City of Westfield shall consist of the aforesaid police commission, chief of police, captain, sergeant and such number of police officers as the council may deem necessary . . . and all appointments as police officers . . . shall be made by the Police Commission subject to the provisions of Chapter 31 of the General Laws. . . . The Chief of Police shall from time to time make rules and regulations for the government, disposition and management of the police department. . . . Such commission may for cause, after due hearing and except as provided in Chapter 31 of the General Laws punish any . . . police officer for insubordination, breach of the rules of the department or neglect of duty by fine, reprimand, suspension with or without loss of pay, or discharge." A set of rules issued by the chief of police in accordance with the ordinance contained the provision: "The Chief of Police shall be subject to the ordi-

nance relating to the Police Department and to the rules and regulations of the department."

The judge of the District Court rightly ruled that the city council, in the exercise of its legislative powers, by the enactment of the ordinance delegated the power of appointment and removal of all police officers, including the chief of police, to the police commission.

2. The petitioner contends that the police commission in removing him from office did not comply with the requirements of the applicable civil service statute, G. L. (Ter. Ed.) c. 31, § 42A.  The statute provides that a police officer "shall not be removed, nor . . . suspended or . . . transferred . . . nor . . . lowered in rank or compensation, nor shall his office be abolished, except after a full hearing of which he shall have at least seventy-two hours' written notice, with a statement of the reasons for the contemplated removal, suspension, transfer, lowering in rank or compensation, or abolition of office, and except upon a written order stating fully and specifically the causes therefor made after a hearing . . . and signed by the board or officer before whom the hearing is held."  The statute further provides that such "police officer shall be notified in writing, within three days after the hearing, of the decision at such hearing."

One contention of the petitioner is that because the written notice of the contemplated hearing to be given him described it as "a hearing . . . on your suspension" and not as a hearing on his "removal," the police commission could not properly order his removal.  The statute enumerates several possible actions affecting a police officer that a board, before whom a hearing is held under § 42A, may take.  These actions are: removal, suspension, transfer, lowering in rank or compensation, and abolition of the office held.  They differ in character and in their consequence to a police officer.  Suspension is quite a different thing from removal, and a transfer quite unlike the abolition of an office.  Observance of the statutory prerequisite to a hearing, that a police officer shall be given in the notice of hearing the reasons for any action or actions contemplated by

the board, requires that the particular action or actions contemplated be specified in such notice. Such a specification is an initial and a fundamental requirement in the proceedings of a board. By it, the board defines and limits the action which it may take after a hearing. A police officer when notified at the beginning of the proceeding of a contemplated transfer or suspension need not thereafter anticipate that the action of the board might be abolition of the office he holds, or removal. We think that a police officer against whom proceedings have been brought under § 42A has a right to insist that the action which such a board takes against him in its order, made after a hearing, shall only be the particular action specified in the notice of hearing. The action contemplated against the petitioner, as set out in the notice of the hearing, was "suspension" and the action in fact taken by the board was "removal."

When, after the hearing, the petitioner received a copy of the order of the board and learned that he had been removed (although the notice of the hearing had stated suspension as the only action contemplated), he was not obliged to seek relief through a petition for review in the District Court under § 42B. The issue on such a petition would be: "whether or not upon all the evidence such action was justified." Irrespective of a decision of that question the petitioner was entitled to assert his right that, after notice of a hearing, only on the matter of his suspension, no other more harmful action should be taken against him by the board than the action of suspension. This right he could have asserted by a petition for writ of mandamus. See *Peckham* v. *Mayor of Fall River*, 253 Mass. 590, 592; *Bois* v. *Mayor of Fall River*, 257 Mass. 471; *Nevins* v. *Board of Public Welfare of Everett*, 301 Mass. 502, 504; *Lowry* v. *Commissioner of Agriculture*, 302 Mass. 111, 115.

The petitioner did not bring such a petition and thus attack the sufficiency of the notice of hearing given to him. On the contrary he filed a petition under § 42B for a judicial review of the action of the commission in removing him. Section 42B is an available remedy only when there has been a proper hearing in accordance with the requirements

of § 42A.   Under § 42A notice to a police officer of a hearing
on his contemplated removal is a prerequisite to his re-
moval.   As such a notice was not here given to the peti-
tioner, this requirement of § 42A was not met.   The require-
ments as to notice were, however, inserted in the statute
for the benefit of police officers against whom action is con-
templated, and such requirements may be waived by a
police officer.   If a police officer waives the statutory re-
quirements as to notice of a hearing he cannot thereafter
take advantage of deficiencies in the notice.   Compare
*Whalen* v. *City Forester of Waltham,* 279 Mass. 287, 292.

We think there was here such a waiver by the petitioner.
The deficiency in the notice first appeared when the com-
missioners notified the petitioner that he had been removed.
He could then, if he had so desired, by a petition for writ
of mandamus have secured reinstatement in office because
of insufficiency of the notice.   His removal could then be
sought by the commissioners only by starting a new pro-
ceeding under § 42A with a proper notice and hearing.   The
petitioner did not choose that course.   He adopted the alter-
native course of a petition under § 42B for a judicial review
in the District Court of the action of the commission.   Such
a review is available only where there has been a hearing
before the commission in accordance with the fundamental
requirement of § 42A that notice of a contemplated removal
is a necessary basis for an order of removal.   We think it
must be held that when the petitioner, instead of bringing
a petition for writ of mandamus based on insufficiency of
the notice, as he might have done, sought a judicial review
of the action of the commission he thereby admitted that
there had been such a hearing before the commission as to
entitle him to a review, and that he thereby waived the
deficiency in the notice.

The petitioner further contends that there was not com-
pliance with the requirements of the applicable civil serv-
ice statute that the written notice of the hearing should
contain a statement of the reasons for the contemplated
removal, and that the written order of removal should state
fully and specifically the causes for the removal.   The notice

of the hearing charges the petitioner with "neglect of duty
. . . conduct unbecoming an officer . . . acts contrary to
the good order or discipline of the service . . . and . . .
insubordination." It stated the dates of each of the dere-
lictions charged. It described the character and gave the
time of the occurrence of each of the different kinds of mis-
conduct of which the petitioner was accused. A request
for further specifications as to some of the charges might
well have been made by the petitioner and granted by the
police commission. But the petitioner or his counsel at no
time requested further specifications and made no conten-
tion before the commission that the statement of the reasons
for the contemplated removal was obscure or inadequate.
In the circumstances appearing, the reviewing judge rightly
ruled that the statement of reasons was adequate. *Mayor
of Medford* v. *Judge of the First District Court of Eastern
Middlesex*, 249 Mass. 465, 471. *McAuliffe* v. *Mayor &
Aldermen of New Bedford*, 155 Mass. 216, 221.

The order of removal stated that, at the hearing on De-
cember 5, "on charges of neglect of duty, of conduct un-
becoming an officer and for acts contrary to the good order
or discipline of the service and for insubordination, as more
fully set forth in notice to you of hearing, dated November
23, 1936, the said Commissioners find you guilty of the
charges as preferred, and remove you from office as Chief
of Police . . . ." The notice referred to in the order con-
tained the date of each of the offences charged. We think
that the order of removal complied with the statutory
requirement of a statement of the causes of the removal,
and the reviewing judge so ruled. *Whitney* v. *Judge of the
District Court of Northern Berkshire*, 271 Mass. 448. See
*McKenna* v. *White*, 287 Mass. 495, 498.

It is urged by the petitioner that there was not com-
pliance with the requirement of the applicable statute that
the "police officer shall be notified in writing, within three
days after the hearing, of the decision at such hearing."
G. L. (Ter. Ed.) c. 31, § 42A. Immediately after the hear-
ing on December 5 the written order above described, ad-
dressed to the petitioner, was drawn up and signed by the

members of the police commission. It was sent to the petitioner by registered mail. He received it on December 9, the fourth day after the day on which the decision was made. It is the general rule that where time is to be computed from a particular day or from the day of a specified act, such day is excluded and the last day of the period is included in the computation. In computing the time within which an act may be done, if the period of time is less than one week, a Sunday is excluded. *Sweeney* v. *Morey & Co. Inc.* 279 Mass. 495, 502, 503. *Corey* v. *National Ben Franklin Fire Ins. Co.* 284 Mass. 283, 286. *Stevenson* v. *Donnelly,* 221 Mass. 161, 163, and cases cited. There was evidence that December 6 was a Sunday. Therefore, on a proper computation of time, the petitioner was notified of the decision within the period required by the statute.

3. The petitioner contends that as matter of law the refusal of the police commission to grant a continuance of the hearing on December 5 was error. The petitioner appeared before the commission on November 28, the day set for a hearing in the notice given him, and asked and was granted a continuance until December 5. He left the city and the State on December 1 without notifying the commission. Before leaving he employed counsel. No request for specifications as to the charges or for a further continuance was made by the petitioner or his counsel in the period between November 28 and December 5. The commission with witnesses met on that day at the time and place designated. The petitioner, however, was not present. Counsel other than the counsel first employed by the petitioner appeared on his behalf and asked for a further continuance. He stated that he had been employed that day to represent the petitioner after the counsel first employed had withdrawn, that the petitioner was in Goshen in the State of New York where he had gone on December 1 for medical treatment, and that a statement of a physician in Goshen indicating that the condition of the petitioner was such that he could not attend the hearing was expected but had not been received. The request of counsel for a continuance was denied. He was given an opportunity

to examine the charges and the witnesses who were called were cross-examined by him. At the close of the evidence he did not ask the opportunity to rebut the testimony given.

It was an implied condition of the exercise of the power of removal, vested under the charter and the ordinance in the police commission, that the hearing in the matter of the petitioner's removal from office should be fairly conducted. *Mayor of Medford* v. *Judge of the First District Court of Eastern Middlesex,* 249 Mass. 465, 471. The petitioner contends that the hearing was not thus conducted in that the commission refused at the hearing on December 5 the request of the petitioner's counsel for a further continuance. He in effect complains that there was an abuse of discretion by the commission in its denial of a continuance. A hearing held under the civil service statutes by a removing board is in the nature of a judicial investigation, *Selectmen of Milton* v. *Justice of the District Court of East Norfolk,* 286 Mass. 1, 5, and whether in proceedings of a judicial character a request for the continuance of a hearing ought to be granted ordinarily rests in the discretion of the trial tribunal. *Noble* v. *Mead-Morrison Manuf. Co.* 237 Mass. 5, 16. *Blankenburg* v. *Commonwealth,* 260 Mass. 369, 378. *Commonwealth* v. *Soaris,* 275 Mass. 291, 297. *Ott* v. *Board of Registration in Medicine,* 276 Mass. 566, 574. Under the applicable statute, however, (G. L. [Ter. Ed.] c. 31, § 42B) the petitioner was entitled to have a judge in the District Court "review" the entire action of the police commission in removing him from office, and not a part of such action only, and decide whether in its entirety the action of the commission was "justified." *Selectmen of Wakefield* v. *Judge of the First District Court of Eastern Middlesex,* 262 Mass. 477, 482. *Mayor of Lynn* v. *Judge of the District Court of Southern Essex,* 263 Mass. 596, 598, 599. This included a review of the action of the commission refusing the request for a continuance.

The propriety of the refusal by the commission on December 5 of the request for a further continuance was a matter to be determined by the reviewing judge on the evidence before him, in the light of all the circumstances attendant

on the request and the refusal.   The commission convened at the time set on December 5 prepared to hold the hearing, with no reason to believe that the petitioner would not be present and ready to go on with the hearing.   He was not present and counsel representing him asked for a continuance on the grounds that counsel had not had an opportunity to prepare a defence and that the condition of the petitioner was such that he was unable to be present.   Counsel did not assert as of his own knowledge such to be the petitioner's condition.   It is not contended that the continuance of the hearing for one week to December 5 did not afford adequate time for preparation for the hearing; and the circumstances under which counsel earlier employed had withdrawn did not appear.   No evidence as to the petitioner's condition was offered at the hearing on December 5.   No certificate of a physician as to his condition was presented.   Counsel stated he expected but had not then received a certificate from a physician in New York, under whose treatment the petitioner was, to the effect that the petitioner was unable to attend the hearing.   A certificate from the New York physician was received two days after the removal of the petitioner and was in evidence at the hearing before the District Court judge.   It stated, not that the petitioner was unable to attend the hearing, but that he would "not be able to continue work until January 1st, 1937."   So far as appears, nothing was shown at the hearing before the commission or at the hearing before the reviewing judge as to the type or character of any ailment or illness of the petitioner.   There is nothing in the record to indicate an illness of such severity that the petitioner, prior to December 5, could not seasonably have arranged for the presentation to the commission of a request for a continuance, fortified by an adequate certificate of a physician.

Diligence on the part of a police officer with respect to a hearing on charges of the character of those stated in the notice to the petitioner could reasonably be expected.   *Whitney* v. *Judge of the District Court of Northern Berkshire*, 271 Mass. 448, 460.   The reviewing judge on the evidence before him found that the refusal of the request for a continuance

might have been avoided if the petitioner had exercised due diligence. The petitioner in effect charges the commission with bad faith in the denial of the requested continuance. This was a question of fact open to the petitioner at the hearing before the judge in the District Court. *Walsh* v. *District Court of Springfield*, 297 Mass. 472, 474–475. The judge did not find such bad faith. In view of all the circumstances connected with the denial of the request for a continuance, it cannot be said that as matter of law the denial was wrong.

4. The evidence before the judge of the District Court respecting the charge of conduct unbecoming an officer on November 7 consisted of a transcript of the testimony of a woman who was a witness at the hearing before the police commission. She testified that the petitioner, with whom she was acquainted, came to the door of her house in Westfield on the evening of November 7 and had a conversation with her with respect to her aunt; that she "smelled liquor on his breath" and he "walked down the steps very unsteadily"; that he then entered his automobile, which was in front of the house, and thereafter drove it on the public streets. The judge found that the testimony of the witness appearing in the transcript did not show bias on the part of the witness; and that he should give due weight to the testimony and have regard for the fact that the commissioners saw and heard her testify. He found that the commission was justified in finding the petitioner guilty on this charge. See *Mayor of Medford* v. *Judge of the First District Court of Eastern Middlesex*, 249 Mass. 465, 470. The testimony, if believed by the commissioners, and we must now assume that it was, warranted the conclusion that the petitioner was under the influence of liquor and that while in such condition he operated his automobile on the public highway and thus committed a criminal offence punishable by fine or imprisonment and requiring, upon a conviction, the revocation of his license to operate an automobile. G. L. (Ter. Ed.) c. 90, § 24, as amended by St. 1936, c. 434, § 1. *Commonwealth* v. *Lyseth*, 250 Mass. 555. It cannot be said as matter of law that the operation of an automobile on the

highways of his city by a chief of police while under the influence of intoxicating liquor, in violation of the statute, is not an adequate ground for his removal. *Mayor of Lynn v. Judge of the District Court of Southern Essex,* 263 Mass. 596, 599. See *Duggan v. Third District Court of Eastern Middlesex,* 298 Mass. 274; *Hogan v. Collins,* 183 Mass. 43, 46. This is so even though it does not appear that he was, at the time, in uniform or performing the duties of his office. *Mayor of Lynn v. Judge of the District Court of Southern Essex,* 263 Mass. 596. See *Sander v. Somerville,* 241 Mass. 305, 308.

5. The petitioner's requests for rulings of law were rightly denied by the single justice. We reach the conclusion that the petition was rightly ordered dismissed by him without resort to the principle that the issuance of a writ of certiorari rests in the sound judicial discretion of the single justice hearing the petition. *McCabe v. Judge of the District Court of Lowell,* 277 Mass. 55.

*Exceptions overruled.*