ANTHONY S. COSTA *vs*. DISTRICT COURT OF EASTERN ESSEX.

Essex.    October 4, 1939. — January 30, 1940.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*District Court*, Review of action with respect to civil service.    *Civil Service.    Police Officer.*

Although a judge of a District Court, in hearing a petition under G. L. (Ter. Ed.) c. 31, § 42B, for a review of a decision by a council of a city other than Boston sustaining a charge that the petitioner, a police officer, had been absent without leave and suspending him, went beyond the duties imposed by the statute and made independent findings of fact, no error was shown since his findings were warranted by the evidence and indicated his opinion that findings at least as strongly adverse to the petitioner properly could have been made by the council in support of its conclusion.

Suspension of a patrolman was justified in the circumstances by his absence from his beat because of illness without his making any effort to communicate with his superior officers.

The imposing upon a police officer of a city of a penalty of "punishment duty," even though it involved extra hours of work without additional compensation, was not a lowering in compensation subject to review under § 42B of G. L. (Ter. Ed.) c. 31.

PETITION, filed in the Supreme Judicial Court for the county of Essex on August 13, 1938, for a writ of certiorari.

After a hearing by *Ronan*, J., the petition was ordered dismissed.    The petitioner alleged exceptions.

*J. M. Marshall*, for the petitioner.

*P. A. Dever*, Attorney General, & *R. Clapp*, Assistant Attorney General, for the respondent, submitted a brief.

QUA, J.    This petition is brought to quash a decision of a judge of a District Court made under G. L. (Ter. Ed.) c. 31, § 42B, affirming, in part, action of the municipal council of Gloucester on February 12, 1938, by which a charge by the city marshal that the petitioner, a police

officer in the classified service, had been "absent without leave" was sustained, and he was ordered "restored to duty . . . effective Monday, February 14, 1938," and to "do punishment duty of one hundred twelve hours" under the direction of the city marshal. The city marshal had temporarily suspended the petitioner for the same offence under the authority of a city ordinance, and the petitioner had requested and had been accorded a hearing before the municipal council under § 42A.

Under § 42B it is the duty of the judge of the District Court to "review" the action of an officer or board by which a police officer in the classified service has been "removed, suspended, transferred, or lowered in rank or compensation," or by which his office has been abolished, and to "determine whether or not upon all the evidence such action was justified." The judicial review provided by G. L. (Ter. Ed.) c. 31, § 42B, in behalf of police officers in the classified service differs in important particulars from the review provided by § 45, as amended, of the same chapter, in behalf of officers and employees in the classified service generally. The former is broader than the latter. Under § 42B the question before the judge is not whether he himself would have taken the same action as that taken by the officer or board, if the matter had come before him in the first instance. The issue "is not to be tried anew as if it were an appeal." The question before the judge is whether the action was taken "upon adequate reasons sufficiently supported by credible evidence, when weighed by an unprejudiced mind, guided by common sense and by correct rules of law." *Selectmen of Wakefield* v. *Judge of First District Court of Eastern Middlesex,* 262 Mass. 477, 482. *Mayor of Lynn* v. *Judge of the District Court of Southern Essex,* 263 Mass. 596. *Whitney* v. *Judge of the District Court of Northern Berkshire,* 271 Mass. 448, 459. The section itself provides that the judge shall "hear any or all of the witnesses." In this case he heard all of the witnesses called by the parties who had testified before the municipal council. In deciding whether the action of the officer or board was "sufficiently supported by credible evidence," the judge

is to "determine for himself, by the use of his judicial faculties, who were trustworthy and credible and who were not" (262 Mass., at page 483), in order that he may decide what evidence could have been believed "when weighed by an unprejudiced mind, guided by common sense and by correct rules of law."

In the case before us the return shows that the judge went further than he was required to go in performing his duty of ascertaining what findings bearing upon the guilt of the petitioner of the charge against him could properly have been made on the evidence "by an unprejudiced mind, guided by common sense and by correct rules of law." He made his own direct findings of fact relating to the guilt of the petitioner. However, these findings may be considered as indicating that in the opinion of the judge findings at least as strongly adverse to the petitioner could properly have been made by the municipal council.

The findings in substance are these: The petitioner had a good record as a police officer for twenty years. He was due to report at the station at 12:50 A.M. on February 3, 1938, and to patrol his beat until 7:50 A.M. On the evening of February 2, he was ill with cramps. He awoke about midnight, realized that he was physically unable to cover his beat, took two aspirin tablets, and went back to bed. He made no effort to communicate with his superior officer at the station. The petitioner's wife and twelve-year-old daughter were in the house at the time. There was a telephone in a nearby house, although there was none in the petitioner's house. The petitioner arose on February 3 at 10:30 A.M., went out at 2:30 P.M., and met the city marshal, who was looking for him. The judge states that the evidence on which these findings were made was uncontradicted. He states that there was "some evidence" that the petitioner relied upon a custom whereby the superior officer at the station would send a "cruising car" to the home of a patrolman who failed to appear for duty to report the reason for his absence, but that the existence of this custom was denied by witnesses for the municipal council.

Upon the evidence and the findings there was no error

of law in the judge's conclusion that the action of the city marshal in temporarily suspending the petitioner was justified, or in the judge's affirmance of the decision of the municipal council in so far as it related to the suspension. The decision of the council, in effect, both confirmed the suspension and fixed a time for its termination. No argument is required to demonstrate that absence of a police officer from duty without leave is commonly an adequate reason for his suspension. We need not discuss what, if any, peculiar circumstances of sudden and unexpected illness, with inability to communicate the fact to superior officers, might render a suspension for this cause unreasonable and unjustifiable. In this case it could have been reasonably found upon the evidence that it was the petitioner's duty, if he was wholly unable to report in person, at least to make a determined effort to inform his superiors of his condition, so that measures could be taken to protect his beat in his absence. It could have been found that he was capable of making such an effort with good prospect of success. It could have been found that there was no custom such as that upon which he claimed to rely, and that his failure to do anything at all until found by the city marshal the following afternoon showed such indifference to his obligations as to require discipline by suspension. *People* v. *Lewis*, 111 App. Div. (N. Y.) 375; affirmed 186 N. Y. 583.

The judge of the District Court rightly declined to review the penalty imposed upon the petitioner in the form of "punishment duty." The jurisdiction of the judge was limited by the statute to the review of action "removing, suspending or transferring" the petitioner, or "lowering him in rank or compensation, or abolishing his office." The imposing upon him of "punishment duty," even though it involved extra hours without additional compensation, was not a lowering in compensation within the meaning of the statute. Acceptance of this punishment was not made a condition of the restoration of the petitioner to duty. The suspension of the petitioner and the imposition of the "punishment duty" were separable matters.

It is unnecessary to deal with the requests for rulings in detail. The single justice rightly dismissed the petition.

*Exceptions overruled.*