MICHAEL PARKER *vs.* DISTRICT COURT OF EAST NORFOLK.

Norfolk. April 8, 1941. — June 24, 1941.

Present: FIELD, C.J., QUA, DOLAN, & COX, JJ.

*Civil Service. District Court*, Review of action with respect to civil service. *Certiorari.*

Proper cause and good faith are the decisive issues before a District Court upon a petition under G. L. (Ter. Ed.) c. 31, § 45, for review of action by a chief of a fire department of a city under § 43 in the removal of a fireman; defects in procedure, unrelated to those issues or to the jurisdiction of the court to hear the matter in review, are not open.

No error appeared in the affirmance by a District Court under G. L. (Ter. Ed.) c. 31, § 45, of action by the chief of the fire department of a city under § 43 in removing a fireman, which the judge found was "made with proper cause and in good faith," although the fireman had not been notified in writing of the chief's decision within three days after a public hearing.

Under § 4 of G. L. (Ter. Ed.) c. 249 the issue presented on a petition for a writ of certiorari to quash the decision by a District Court on a review under c. 31, § 45, is merely whether the District Court committed error of law in dealing with the issues before it.

PETITION, filed in the Supreme Judicial Court for the county of Norfolk on October 1, 1940, for a writ of certiorari.

The case was transferred to the Superior Court and heard by *Dowd,* J., who ruled "that the requirement under the statute of a notice in writing within three days to the petitioner of his removal by the removal board was material, and the failure to give such notice was and is a manifest violation of the spirit and letter of G. L. (Ter. Ed.) c. 31, §§ 43 and 45," and "that full compliance with the requirements of the statute is a condition of the lawful exercise of the power of removal." He found "that the requirements of the statute were not complied with in the removal of the petitioner," and ruled "that the removal proceedings were illegal and void." He thereupon reported the case to this court for determination.

*J. D. Smith,* for the respondent.

*U. R. Paakonen,* for the petitioner.

QUA, J. The petitioner was a fireman of the city of Quincy and was under the protection of the civil service laws. On May 20, 1940, the chief of the department notified the petitioner in writing that he was removed from his employment as of that date for intoxication, neglect of duty, "conduct injurious to the public peace or welfare" and "acting contrary to good order or discipline." At the petitioner's request, seasonably made, a public hearing was given to him on June 13, and on June 18 the petitioner was notified in writing of the chief's decision affirming his order of removal. G. L. (Ter. Ed.) c. 31, § 43. Thereafter the petitioner brought a petition in the District Court of East Norfolk under G. L. (Ter. Ed.) c. 31, § 45, as amended, for a review of the action of the chief in removing the petitioner. The judge of the District Court found that the decision of the chief of the department "was made with proper cause and in good faith" and affirmed the decision. He also found, "if . . . material," that the petitioner was not notified in writing of the chief's decision confirming his removal within three days after the hearing, as required by § 43. On this petition for a writ of certiorari the question arose

whether the judge of the District Court erred in affirming the decision of the chief of the fire department, when there had been a failure to notify the petitioner of that decision within the three days after the hearing allowed by § 43.

The judge of the District Court was right in affirming the decision upon his findings of proper cause and good faith, notwithstanding the failure to notify. There is nothing in the record which in any way impugns the legal correctness of those findings. Proper cause and good or bad faith are the decisive issues before the District Court in a petition for review under § 45. Defects in the procedure unrelated to proper cause or to good or bad faith (or to the jurisdiction of the court to hear the petition, *Mayor of Revere* v. *Special Judge of the District Court of Chelsea*, 262 Mass. 393) are not open. The statute expressly commands the judge to "affirm the decision of the officer or board unless it shall appear that it was made without proper cause or in bad faith." *Commissioner of Public Works of Boston* v. *Justice of the Municipal Court of Boston*, 228 Mass. 12, 16. *Murray* v. *Justices of the Municipal Court of Boston*, 233 Mass. 186, 188, 189. *McCabe* v. *Judge of the District Court of Lowell*, 277 Mass. 55, 57. *Mayor of Medford* v. *Judge of the First District Court of Eastern Middlesex*, 249 Mass. 465, 471. *Commissioner of Institutions of Boston* v. *Justice of the Municipal Court of the Roxbury District*, 290 Mass. 460, 462–464. *Walsh* v. *District Court of Springfield*, 297 Mass. 472, 475. Section 45 differs materially in this respect from § 42B, which relates only to police officers. Decisions upon § 42B must be read with this difference in mind. The distinction between the two sections has been pointed out repeatedly. *Selectmen of Wakefield* v. *Judge of the First District Court of Eastern Middlesex*, 262 Mass. 477, 482, 483. *Mayor of Lynn* v. *Judge of the District Court of Southern Essex*, 263 Mass. 596, 599. *Daley* v. *District Court of Western Hampden*, 304 Mass. 86, 95. *Costa* v. *District Court of Eastern Essex*, 305 Mass. 85, 86. The case of *Whitney* v. *Judge of the District Court of Northern Berkshire*, 271 Mass. 448, cited by the petitioner, arose under § 42B and not, as did the present case, under § 45.

The only question presented to the Superior Court on this petition for certiorari was whether the judge of the District Court had committed error of law in dealing with the issues before him. *Swan* v. *Justices of the Superior Court,* 222 Mass. 542, 546. *Whalen* v. *First District Court of Eastern Middlesex,* 295 Mass. 305, 306. The present wording of the last sentence of G. L. (Ter. Ed.) c. 249, § 4, has not enlarged the issues. *Farmington River Water Power Co.* v. *County Commissioners,* 112 Mass. 206, 213. *Banaghan* v. *County Commissioners,* 213 Mass. 17, 19. Since no error in the action of the District Court was shown, the petition for certiorari should have been dismissed.

Whether the petitioner, instead of going to the District Court, could have maintained a petition for a writ of mandamus to secure reinstatement because of the failure seasonably to notify him of the chief's decision is not before us. See *Peckham* v. *Mayor of Fall River,* 253 Mass. 590; *Lowry* v. *Commissioner of Agriculture,* 302 Mass. 111, 116. By seeking review in the District Court he conceded that a foundation had been laid for that procedure. *Daley* v. *District Court of Western Hampden,* 304 Mass. 86, 91, 92.

In accordance with the stipulation in the report the entry will be

*Writ denied.*
*Petition dismissed.*