*Western District*

## No. 143

## DAVID J. MYERSON, M.D., Superintendent of the Worcester State Hospital

## v.

## PATRICIA DiPIETRO

Argued: April 11, 1975. Decided: August 22, 1975.

Case tried to *Gould, J.,* in the Central Worcester District Court. Number: 9099.

Present: Cimini, P.J., Walsh, Constantino, J.J.

**Cimini, P.J.** This is a civil commitment proceeding under M.G.L., c. 123, §§7 and 8 in which plaintiff seeks to commit defendant because she is mentally ill and her discharge would create a likelihood of serious harm.

The court ordered defendant to be committed for a period of six months.

*At the trial there was evidence tending to show:*

Defendant was a voluntary patient under M.G.L., c. 123, §10. Defendant, on September 20, 1974, pursuant to M.G.L., c. 123, §11 gave a written three day notice of her intention to leave. On September 23, 1974, plaintiff mailed to the Worcester Central District Court his petition to have defendant committed under the provisions of M.G.L., c. 123, §§7 and 8. There is no record in that court showing when the petition was filed with the court.

At the close of the evidence and before final arguments, the defendant made ten requests for rulings of law but we are concerned only with the tenth one which reads as follows:

> "If the court finds that petitioner-superintendent filed the Chapter 123, Section 7 petition for commitment more than three days after respondent gave her Chapter 123, Section 11 three day notice, then the court has no jurisdiction in this case and respondent is entitled to immediate release."

The court acted on the said 10th Request for Ruling as follows:

Allowed, however I do not so find.

The court made the following written findings:

"This is a proceeding brought under the pertinent provisions of Chapter 123, Section 7 and 8 of the General Laws of the Commonwealth of Massachusetts, wherein the petitioner, David J. Myerson, M.D., Superintendent of the Worcester State Hospital, certifies that Patricia DiPietro, a patient at said institution, is mentally ill and requires further care and treatment as an in-patient, and if released would present a likelihood of serious harm to herself or to others. In accordance with this certification he petitioned this

court for an order of commitment for the patient for a period of six months. Pursuant to the filing of said petition, which was filed on September 23, 1974, at the Central District Court of Worcester, a hearing on said petition was scheduled, and was in fact held at the Worcester State Hospital on November 12, 1974, at 11:30 a.m. Counsel present at the hearing were Attorney Henry F. Broderick of the Attorney General's staff representing the petitioner, and Darragh K. Kasakoff, Attorney at Law, 339 Main Street, Worcester, Massachusetts, representing Miss DiPietro.

"As a result of the testimony taken at said hearing, I find that the patient has been receiving treatment for several years for brain damage, and has in the past been a patient at a Rest Home. The patient further has periods of severe depression, one of which culminated in a suicidal attempt which has resulted in an acceleration of some brain damage, from which there has not been a full recovery. In one instance at least, the patient has, under the domination of another patient at the hospital, gone back to the rest home where she formerly was cared for, and under a subterfuge did cause some difficulties at the rest home area. Since her return to the hospital she has been given some limited periods of home visits and does have some grounds privilege at the Worcester State Hospital.

"According to the testimony deduced at the hearing by the psychiatrist and the psychologist charged with her treatment, I find that she is still of poor judgment, and is unable to fully function on her own.

In pursuance of such evidence, I find that she is mentally ill and that her discharge at the present time would create a likelihood of serious harm to herself, as was manifested by evidence of her prior attempt at suicide, and by her unpredictable behavior in her return to the nursing home where she formerly resided.

"As a result of the findings above, I therefore now order that Patricia DiPietro be committed for a period of six months, in accordance with the pertinent provisions of Section 8 of Chapter 123, of the General Laws of the Commonwealth of Massachusetts".

It is agreed between the parties, hereto, that the sole issue is whether or not the trial court erred in finding that the Petition for Civil Committment under Sections 7 and 8 of Chapter 123 was timely filed pursuant to G.L., c. 123, §11.

Simply stated, was the petition filed prior to the expiration of the three day notice period?

Defendant argues that such petition had to be filed by September 23, 1974, this being three calendar days from the receipt of the "three day letter".

We take judicial notice of the fact that a Sunday (September 22, 1974) intervened. Ergo: is the deadline September 23, or is it September 24, 1974?

The matter of whether or not Sundays or Legal Holidays are counted in computing time limits for filing pleadings and other notices has been decided in many cases in this Commonwealth.

In *Opinion of Justices to the Senate,* 291 Mass. 572 (1935) the Supreme Judicial Court addressed itself to this issue. In this case legislation was enacted by the Legislature and was forwarded to the Governor for his signature or proposed amendments. The statute specifically stated that the legislation, if not signed or amended by the Governor within five days, would become effective. The Governor did not sign the proposed legislation or suggest amendments thereto for seven days. However, one of these days was a legal holiday and one was a Sunday. The Supreme Judicial Court ruled that the Governor's Amendment to the legislation was timely done since the intervening legal holiday and Sunday were not to be counted in computing the five-day period. The rule in this Common-

wealth seems to be well settled that, if the time for filing a pleading or notice is seven days or less, Sundays and legal holidays are not included in computing the time limit. If, however, the time period is greater than seven days, Sundays and legal holidays are included in computing the time period. This proposition has been further annunciated in the case of *Daley v. District Court of Western Hampden*, 304 Mass. 86 (1939). In *Daley* the petitioner was a police chief who had charges brought against him by a "Commission". The applicable statute in that case stated that a notice of decision by the Commission must be given to the Petitioner within three days after the close of the hearing. The notice was sent to the petitioner on December 5, 1936 and was received on December 9, 1936. In discussing the issue of whether or not the notice of decision was received within the time limit set by the statute the court stated that since one of the intervening days was a Sunday the statute had been complied with even though four calendar days had passed. See also *Sweeney v. Morey & Co. Inc.*, 279 Mass. 495 (1932).

Applying the above cited cases to the instant case, it is hereby determined that the time limit for filing said petition was September 24, 1974. There is no dispute that the petition was mailed on September 23, 1974 to the court but there is no record of the time of its receipt by said court.

However, it is well settled that unless evidence to the contrary is presented, it is assumed that a letter mailed is delivered in the normal course of business and that this normal course would allow for delivery on the following business day. There was no evidence introduced to rebut this presumption.

The trial court ruled that it did have jurisdiction in that the provision for time of filing was complied with and in this we agree.

The decision of the trial court is hereby affirmed.