BOSTON POLICE PATROLMEN'S ASSOCIATION, INCORPORATED & others[1] *vs.* POLICE COMMISSIONER OF BOSTON.

Suffolk.    November 9, 1976. — December 3, 1976.

Present: HALE, C.J., GRANT, & BROWN, JJ.

Police.  *Municipal Corporations,* Police.  *Practice, Civil,* Summary judgment.  *Boston.*

A city's police commissioner had authority under St. 1962, c. 322, § 11, to amend a regulation of the police department without giving notice of the proposed change and an opportunity for interested persons to be heard.  [674-675]

CIVIL ACTION commenced in the Superior Court on January 24, 1975.

The case was heard by *Nelson, J.,* on a motion for summary judgment.

The case was submitted on briefs.

*Frank J. McGee & Vincent A. Harrington, Jr.,* for the plaintiffs.

*Michael DeMarco,* Special Assistant Corporation Counsel, for the defendant.

BROWN, J.  The Boston Police Patrolmen's Association, Incorporated, and eight member patrolmen appeal from the allowance of the defendant's motion for summary judgment pursuant to Mass.R.Civ.P. 56, 365 Mass. 824

[1] These plaintiffs are patrolmen in the police department of the city of Boston and members of the plaintiff association.

(1974), entered on their amended complaint for declaratory and injunctive relief.

The dispute arose in 1975 when a police lieutenant, "acting for ... and pursuant to the authority of the defendant," ordered the individual plaintiffs to permit a Harvard University graduate student to ride in their patrol car in conjunction with the "Civilian Observer Program" of the Boston police department. The patrolmen refused, citing Rule 25(10) of the Rules and Regulations of the Boston police department which, as then in effect, provided that a patrolman should not permit any person other than an "officer of rank" to ride in a patrol car except in the event of an emergency.

The patrolmen appealed from the order to the defendant, who denied the appeal. On January 30, 1975, the plaintiffs obtained a preliminary injunction in the Superior Court, enjoining the defendant from enforcing the order given them by the lieutenant. On January 31, 1975, the defendant amended Rule 25(10) so as to permit civilians to ride in patrol cars when "authorized by the Police Commissioner." On June 3, 1975, the defendant's motion for summary judgment with respect to the amended rule was allowed by a judge of the Superior Court.

1. The plaintiffs' principal contention is that the defendant's amendment of Rule 25(10), without giving notice or affording anyone the opportunity of commenting on the rule change, was an unlawful exercise of his rule-making authority.[2] There is no merit to this contention. The defendant had authority to organize and administer the police department. See *Broderick* v. *Police Commr. of Boston,* 368 Mass. 33, 34, n.1 (1975), cert. den. 423 U. S. 1048 (1976). Moreover, the defendant has extremely broad rule-making power under St. 1962, c. 322, § 11: "The police commissioner shall have cognizance and control of the government, administration, disposition and discipline of

---

[2] The plaintiffs expressly state in their brief that they do not raise any "issues of constitutionality or statutory authority behind the enactment of the 'new' Rule 25(10).''

the department, and of the police force of the department and shall make all needful rules and regulations for the efficiency of said police . . .." See *Boston Police Patrolmen's Ass'n, Inc.* v. *Boston,* 367 Mass. 368, 371 (1975). The police department is not an "agency" as defined in the State Administrative Procedure Act, G. L. c. 30A, § 1 (2), so its rule-making process need not conform to the procedural requirements set forth in that act. Compare *Brignoli* v. *Boston,* 1 Mass. App. Ct. 829 (1973). Accordingly, we conclude that the defendant did not exceed his rule-making authority in amending Rule 25 (10). The plaintiffs' suggestion that the defendant was required to give them notice and an opportunity to be heard is rejected, as no such process is required. See *Brignoli* v. *Boston, supra.*

2. The judge did not err in allowing the defendant's motion for summary judgment, as there was no dispute as to any material fact. Mass.R.Civ.P. 56 (c), 365 Mass. 824 (1974). *Community Nat'l Bank* v. *Dawes,* 369 Mass. 550, 553-556 (1976). However, the action should not have been dismissed, as the parties were entitled to a declaration of the validity of the rule as amended.

The judgment is to be modified by striking out the provision for dismissal and inserting in place thereof a declaration of the validity of Rule 25 (10) as amended on January 31, 1975, and, as so modified, is affirmed.

*So ordered.*