LEONARD G. HEALY, JR. *vs.* FILMORE W. MCABEE.

Barnstable.     May 20, 1977. — August 19, 1977.

Present: KEVILLE, GOODMAN, & ARMSTRONG, JJ.

*Practice, Civil,* Judgment.   *Words,* "Ripe for judgment."

Where a proceeding in a District Court became ripe for judgment on a Friday, the case did not go to judgment until the following Friday under the provisions of G. L. c. 235, § 2, prior to its repeal by St. 1975, c. 377, § 114. [609-613]

CIVIL ACTION commenced in the Superior Court on August 20, 1975.

The case was heard by *Zarrow,* J.

*Evan T. Lawson* for the plaintiff.

*Stephen C. Jones* for the defendant.

KEVILLE, J.   This action brought in the Superior Court under G. L. c. 231A seeks a declaratory judgment that a sheriff's sale of real estate to the defendant was invalid. The plaintiff appeals from a judgment dismissing the action.

The facts as disclosed by the record appendix may be summarized as follows: The defendant in the present case, McAbee, obtained a default judgment for damages against the plaintiff here, Healy, in the First District Court of Barnstable. Execution issued thereon. Healy then brought a petition to vacate that judgment on which there issued an order of notice and a supersedeas staying execution of the earlier judgment. McAbee's motion for removal of the stay was denied. The petition was heard by a judge of a different District Court, sitting by assignment. On April 30, 1975, that judge made an order entitled "Finding or Decision" dismissing Healy's petition. The order was not filed in the clerk's office until May 2, and at some point (to be discussed in this opinion) the case went to judgment. On May 6 the sheriff, presumably in reliance upon the order of April 30, conducted a sale of the property and delivered a deed to McAbee. On May 13 Healy appealed to the Superior Court from the District Court judgment.

We note at the outset that this action, being one for declaratory relief, should have been declared upon rather than dismissed. *Attorney Gen.* v. *Kenco Optics, Inc.* 369 Mass. 412, 418 (1976).

The central issue is whether the petition to vacate had gone to judgment at the time of the sheriff's sale on May 6. If it had, the stay of execution on the previous judgment was automatically revoked and the sale was valid. If not, the stay remained in effect and the sale was premature.[1]

---

[1] We are not convinced by the several reasons advanced in McAbee's brief for his contention that he was entitled to prevail regardless of when judgment on the petition to vacate entered. Two of those reasons — that the supersedeas was improperly issued because of Healy's apparent failure to file a bond pursuant to G. L. c. 250, § 17 (as amended by St. 1971, c. 347, § 2), and the absence of prior notice pursuant to Rule 43 of the Rules of the District Courts (1965) — must fail. The appropriate time for McAbee to have challenged the super-

General Laws c. 235, § 2, prior to its repeal by St. 1975, c. 377, § 114 (which, by operation of § 164 of the 1975 act, took effect on July 1 of that year), provided: "Judgment in civil actions and proceedings ripe for judgment in district courts shall be entered at ten o'clock in the forenoon on Friday of each week, but if a legal holiday occurs on Friday, at ten o'clock in the forenoon of the Thursday preceding . . .." Rule 36 of the Rules of the District Courts (1965), as in effect at all times material to these proceedings, elaborated the foregoing statute as follows: "Judgment in civil actions and proceedings ripe for judgment shall be entered by the clerk . . . in accordance with G. L. c. 235, § 2. . . . An action or proceeding shall not be ripe for judgment until . . . the time for claiming appeal has expired . . .." Under that statute and rule a case went to judgment automatically at the time specified once it had become "ripe for judgment." *Home Fin. Trust* v. *Rantoul Garage Co.* 300 Mass. 86, 88-89 (1938).

On their face the quoted provisions of c. 235, § 2, and Rule 36 seem straightforward. But when applied to the facts of this case an ambiguity emerges. In the first place May 2, the day on which the "Finding or Decision" on the petition to vacate was filed in the clerk's office, fell on a Friday. The provision of Rule 36 which prevented a case

sedeas was at the hearing on his motion to remove the stay. If he did so, we infer that the judge, in denying the motion, waived the bond requirement (see G. L. c. 250, § 17, as so amended), and treated the hearing on the motion itself as a sufficient substitute for literal compliance with the requirements of Rule 43.

McAbee also contends that the "Finding or Decision" itself had the effect of revoking the supersedeas regardless of when judgment was entered pursuant to that order. But there is nothing in its terms which can properly be construed as having that effect. McAbee cites no authority, and we have found none, to support the proposition that such an order in these circumstances would have such an effect per se.

Finally, McAbee maintains that the case has become moot (a) because Healy's appeal from the judgment on the petition to vacate was not filed within the six-day period prescribed by G. L. c. 231, § 97, and (b) because Healy subsequently satisfied the original judgment and redeemed the property. The first of the asserted grounds adds nothing as it begs the question when the case did in fact go to judgment, and the second is based on allegations of fact outside the record.

from becoming ripe for judgment "until the time for claiming appeal [to the Superior Court had] expired" appears not to have been applicable, as such an appeal under G. L. c. 231, § 97, was taken from the judgment itself rather than from the entry of a prior order, and the appeal period did not commence to run until the judgment was entered.

McAbee contends that the petition to vacate was ripe for judgment on Friday, May 2, and therefore went to judgment on that date. While that contention is plausible, it appears to overlook two important facts. The first of these is the two-day interval between the issuance of the "Finding or Decision" on April 30 and its receipt by the clerk on May 2. If McAbee's contention is based on the theory that the case became ripe for judgment on the earlier date, it fails, for as we view it, Rule 36 required that the judge's finding and order be entered in the clerk's office before the case could be said to be ripe for judgment. See *Hacking* v. *Coordinator of the Emergency Relief Dept. of New Bedford,* 313 Mass. 413, 416-417 (1943), and cases cited. Compare *Sullivan* v. *Jordan,* 310 Mass. 12, 16-17 (1941). If, however, McAbee's argument is that the case became ripe for judgment when the order was received by the clerk on May 2, it fails to take into account the fact that the record does not reveal the time on that date at which the order was received. General Laws c. 235, § 2, as then in effect, directed that judgment be entered in District Courts not simply on Friday but at 10:00 A.M. on that day. It is clear that § 2 barred a case which had become ripe for judgment after 10:00 A.M. on a Friday from going to judgment on that day. But we reach the further conclusion that the petition to vacate could not have gone to judgment on Friday, May 2, even if the order for judgment had been received by the clerk before 10:00 A.M. on that day.

In reaching this conclusion we have in mind the ruling of the Supreme Judicial Court in *Home Fin. Trust* v. *Rantoul Garage Co.* 300 Mass. 86 (1938), upon which Healy relies, and the distinction between that case and the instant case drawn by McAbee. In *Home Fin. Trust* a District Court judge filed rulings and findings for the plaintiff

with the clerk on Thursday, April 30 on a writ of review. Thereafter, the defendant filed a request for a draft report to the appellate division. The latter was disallowed on December 3; and the defendant claimed an appeal to the Superior Court on December 5. The Supreme Judicial Court held that the appeal had been properly dismissed in the Superior Court, the report procedure being inapplicable to writs of review; and the defendant's attempt to invoke the procedure did not prevent the case from going to judgment automatically "not later than May 8." *Id.* at 88, 89. Healy points out that the date relied upon by the court in that case was not Friday, May 1, even though the dispositive order had been filed with the clerk the day before, but rather the ensuing Friday, May 8. But McAbee responds that it made no difference in the outcome of the case which of those dates was used; and he argues that the court in prefacing two references to May 8 with the phrase "not later than" was simply declining to decide the issue now before us.[2]

We think that the Legislature's choice of 10:00 A.M. as the hour at which District Court cases automatically went to judgment had practical significance. That hour fell shortly after the courts opened for business (see Rules 70 and 72 of the Rules of the District Courts [1965]). Its selection was some indication that the automatic entry of judgments was among the first orders of business on each Friday. But if it were to be held that orders for judgment received by the clerk prior to 10:00 A.M. automatically went to judgment at that time, while those, for example, received at 10:01 A.M. must be held in abeyance until the succeeding Friday, a party seeking to ascertain or establish the date for judgment would have been confronted with a difficult burden of inquiry and proof. We do not believe that the Legislature intended to impose that sort of burden upon litigants.

---

[2] We note that on a subsequent occasion the Supreme Judicial Court has interpreted the *Home Fin. Trust* case as declaring that the case went to judgment on May 8. See *Hacking* v. *Coordinator of the Emergency Relief Dept. of New Bedford,* 313 Mass. 413, 419 (1943).

5 Mass. App. Ct. 613                                        613

Foxborough *v.* Bay State Harness Horse Racing & Breeding Assn. Inc.

Had the Legislature intended that *any* cases becoming ripe for judgment on a Friday should go to judgment on that day, it is reasonable to assume that it would have provided that *all* of them should do so. In that way practical difficulties would have been minimized and the practice would have been in conformity with the settled rule that law does not ordinarily reckon in fractions of days. See *Sweeney* v. *Morey & Co.* 279 Mass. 495, 502-503 (1932); *Heyer* v. *V. Barletta. Co.* 295 Mass. 18, 24 (1936); *Nickerson* v. *President & Fellows of Harvard College,* 298 Mass. 484 (1937). The desired objective could have been accomplished by fixing the hour for the entry of judgment either at the close of the business day or at an early hour on the day following. By selecting 10:00 A.M. as the hour for the automatic entry of judgments we think that the Legislature adopted the latter course and intended that those judgments should be entered only in cases which became ripe by the close of business on the preceding day. We conclude therefore that the petition to vacate in the present case did not go to judgment until Friday, May 9, 1975.

The judgment of the Superior Court is reversed and the case is remanded to the Superior Court for the entry of a new judgment in accordance with this opinion.

*So ordered.*