FLORENCE FELDMAN & another *vs.* CITY OF WORCESTER.

Worcester.    September 15, 1976. — September 8, 1977.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, & WILKINS, JJ.

*Governmental Immunity.    Municipal Corporations,* Liability for tort. *Actionable Tort.    Public Officer.    Negligence,* Public officer.

Liability of a municipality for injuries sustained by a patient in a hospital operated by it would be established by evidence that in October, 1973, in the normal course of medical routine, employees or agents of the municipality were instructed by the patient's physicians to inject in her a medication mixed with intravenous fluid, that instead an undiluted medication was injected, and that an external cardiac massage necessary to counter the effects of the injection given was improperly administered. [277-278]

TORT.    Writ in the Superior Court dated April 1, 1974.

The action was heard by *Rutledge,* J., on a motion to dismiss.

The Supreme Judicial Court granted a request for direct appellate review.

*David A. Talman* for the plaintiffs.
*George R. Najemy* for the defendant.

HENNESSEY, C.J.   The plaintiffs, Florence and Joseph Feldman, brought this action in the Superior Court for Worcester County seeking to recover damages for personal injuries suffered by Mrs. Feldman while she was a patient at Worcester City Hospital. The defendant city filed a motion to dismiss pursuant to Mass. R. Civ. P. 12(b)(6), 365 Mass. 754 (1974), on the ground that Mrs. Feldman was a patient in a municipal hospital and that the city was therefore immune from liability as matter of law. The trial judge allowed the city's motion to dismiss and entered judgment dismissing the plaintiffs' action. The plaintiffs appeal from that dismissal.

The complaint makes the following allegations of negligence on the part of municipal agents or employees. Mrs. Feldman was a patient in Worcester City Hospital, a municipal hospital operated by the city of Worcester, in October, 1973. On or about October 15, 1973, Mrs. Feldman's physicians instructed agents or employees of the defendant to administer medication to her by mixing the medication with the contents of a bottle of intravenous fluid. The employees or agents who were so instructed failed to follow the direction of Mrs. Feldman's physicians and instead injected the undiluted medication into Mrs. Feldman. To counter the effects of the direct injection, it was necessary to perform external cardiac massage on Mrs. Feldman, which procedure was also improperly administered. As a result of the direct injection and the manner in which the external cardiac massage was performed, Mrs. Feldman suffered the injuries for which she seeks to recover.

The fundamental issue in this case is whether the defendant city is immune from liability for negligence in the operation of its municipal hospital. The operation by a city or town of a municipal hospital has been categorized as a governmental function. *Young* v. *Worcester,* 253 Mass. 481 (1925). *Benton* v. *Trustees of Boston City Hosp.,* 140 Mass. 13 (1885). *Gerber* v. *Worcester,* 1 Mass. App. Ct. 811 (1973). Thus, prior to our decision in *Whitney* v. *Worcester, ante,* 208 (1977), a municipality was immune

Feldman *v.* Worcester.

from liability for injury caused by the negligence of its employees in the operation of municipal hospitals.

Under our decision in *Whitney,* the acts of negligence alleged in this case fall squarely within the delineated area of potential governmental liability. Even though municipal operation of hospitals was previously categorized as a governmental function, that conclusion no longer ends the inquiry. We must focus rather on the nature of the specific acts of negligence alleged. In this case, those for whose actions the city is sought to be held liable were performing acts in the normal course of medical routine. In evaluating those actions, a court would in no way be called on to examine health care policy decision. The complaint alleges simply that, in carrying out the plan of hospital operation, the defendant's agents or employees violated the standard of due care which would have been applied had the hospital in question been a private or charitable hospital. Viewed in this light, the tort claims presented involve nothing other than the kind of fault in execution on which courts are frequently called upon to pass judgment.

Since the cause of action here arose after the date of our opinion in *Morash & Sons* v. *Commonwealth,* 363 Mass. 612 (1973), the judgment of dismissal previously entered is vacated and the case is remanded to the Superior Court in accordance with our holdings in *Whitney* v. *Worcester, supra.*

*So ordered.*