GEORGE FRATUS & others[1] *vs.* BOARD OF SELECTMEN OF YARMOUTH & another.[2]

Barnstable.    September 13, 1978. — September 27, 1978.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Police,* Suspension. *Municipal Corporations,* Police, Selectmen. *Declaratory Judgment. Certiorari. State Administrative Procedure Act,* Agency. *Practice, Civil,* Dismissal.

The power to remove police officers for cause accorded to the selectmen of Yarmouth by St. 1970, c. 267, embraces within it the power of suspension for cause. [606–607]

Although the Superior Court lacked jurisdiction under G. L. c. 30A to review a disciplinary decision of a board of selectmen since a board of selectmen is not an "agency" as defined in c. 30A, § 1(2), an action challenging the board's decision should not have been dismissed where it also contained a specific prayer for declaratory relief under c. 231A. [607–609]

CIVIL ACTION commenced in the Superior Court on August 30, 1977.

A motion to dismiss was heard by *D'Ambrosio, J.,* a District Court judge sitting under statutory authority.

*Charles S. McLaughlin, Jr. (Alan A. Green* with him) for the plaintiffs.

*John C. Creney,* Town Counsel *(William F. Butler, III,* with him) for the defendants.

---

[1] Gerald La Ninfa and David Keefe.

[2] Michael L. McGrath, one of the selectmen who has also been sued in his individual capacity. See part 3 of this opinion.

GRANT, J. The plaintiffs in this action are permanent members of the police force of the town of Yarmouth (town) who, following a hearing conducted by the board of selectmen of the town, have been suspended from duty without pay for a period of ten days. They have appealed from a judgment of the Superior Court which dismissed the action as to all three counts of the amended complaint (complaint). We consider each count separately.

1. It appears from the face of the pleadings that each of the plaintiffs is entitled to whatever benefits were intended to be conferred on him by the provisions of St. 1970, c. 267, § 1,[3] that each plaintiff was given written notice of the hearing at which the selectmen would "consider disciplinary action against you," and that, following the conclusion of the hearing, each plaintiff received the suspension already related. The only allegation of count 1 of the complaint which is still relied on alleges, in effect, that the selectmen lacked jurisdiction to suspend the plaintiffs because St. 1970, c. 267, § 1, applies only to the removal of police officers and does not authorize their suspension.

There is no merit to the contention. On its face St. 1970, c. 267, § 1, admittedly speaks only in terms of the removal of police officers for cause. However, the town's police force is established under the provisions of G. L. c. 41, § 97A,[4] which authorizes a board of selectmen to "appoint" police and to "remove" them "for cause at any

[3] "The tenure of office of any permanent member now or in the future of the police force of the town of Yarmouth who has, or shall have, served as a member of said police for three consecutive years . . . shall be unlimited until he attains age sixty-five and he shall hold office during good behavior unless he is incapacitated by physical or mental disability from performing his duties or is removed for cause by the selectmen in the manner provided by section forty-three of chapter thirty-one of the General Laws." We need not and do not decide whether the selectmen were required to proceed under that section in the circumstances of this particular case.

[4] Counsel for the plaintiffs so represented to the judge by whose order the action was dismissed.

time after a hearing." The power of removal for cause which is accorded by such statutory provisions embraces within it the power of suspension for cause. See *Haines* v. *Town Manager of Mansfield*, 320 Mass. 140, 141–143 (1946), in which the court construed a town manager's powers to "appoint" and "remove" a police chief under St. 1920, c. 586, § 20(*b*), to include the power to suspend him. See also *Matter of Ocean Hill-Brownsville Governing Bd.* v. *Board of Educ. of New York*, 23 N.Y. 2d 483, 487 (1969).

Count 1 of the complaint presented a pure question of law which could be decided under Mass.R.Civ.P. 12(c) and (d), 365 Mass. 756 (1974), on the face of the pleadings and on the representation of the plaintiffs' counsel with respect to the applicability of G. L. c. 41, § 97A. That question was decided correctly, and the action was properly dismissed as to count 1.

2. The principal allegations of count 2 of the complaint are to the effect that the plaintiffs have been deprived of due process in violation of both constitutions; that the selectmen acted in excess of their jurisdiction; that their decision was based upon error of law; that the selectmen violated the provisions of G. L. c. 30A, § 11B;[5] that one or more of the selectmen were prejudiced or biased against the plaintiffs but nevertheless sat in judgment of them; that the allegations against the plaintiffs were not specified; that the selectmen considered and based their decision on evidence not contained within the specifications; that the selectmen's ultimate finding of fact did not comport with any standard of prohibited conduct set out in the internal regulations of the Yarmouth police department; that the selectmen's findings were not supported by substantial evidence; and that the selectmen acted arbitrarily and capriciously and abused their discretion in the premises. The prayer associated with this count

---

[5] The plaintiffs may have intended to refer to what is now G. L. c. 39, § 23B, as most recently amended by St. 1977, c. 829, § 3.

seeks review under G. L. c. 30A and declaratory relief under G. L. c. 231A.

The only reason for dismissing the action as to this count which is still pressed by the defendants[6] is that the Superior Court lacked jurisdiction to proceed under G. L. c. 30A because a board of selectmen is not an "agency" as defined in G. L. c. 30A, § 1(2). See and compare. *Johnson Prod. Inc.* v. *City Council of Medford,* 353 Mass. 540, 543, appeal dismissed and cert. denied, 392 U.S. 296 (1968); *Brignoli* v. *Boston,* 1 Mass. App. Ct. 829 (1973); *Chase* v. *Planning Bd. of Watertown,* 4 Mass. App. Ct. 430, 432–433 (1976); *Boston Police Patrolmen's Assn. Inc.* v. *Police Commr. of Boston,* 4 Mass. App. Ct. 673, 675 (1976). The defendants are correct on this point, and the judge so acknowledged in the course of ordering that the action be dismissed as to this count.

It does not follow that the judge was correct in dismissing as to this count. It is clear that contentions as to the validity of a disciplinary decision of a board of selectmen such as those set out in the allegations which have been summarized above can be considered and determined by what is now the Superior Court Department of the Trial Court in proceedings which blend prayers for declaratory relief with an action in the nature of certiorari. *Stetson* v. *Selectmen of Carlisle,* 369 Mass. 755, 756–759 (1976). See also *Human Rights Commn.* v. *Assad,* 370 Mass. 482, 488 n.5 (1976); *Boston Edison Co.* v. *Boston Redev. Authy.,* 374 Mass. 37, 46–50 (1977); *Fairbairn* v. *Planning Bd. of Barnstable,* 5 Mass. App. Ct. 171, 181 n.5 (1977). The judge appears to have overlooked the specific prayer for declaratory relief with respect to the matters alleged in this count and the general rule against dismissing declaratory judgment proceedings which are within the jurisdic-

---

[6] To be specific, at oral argument counsel for the defendants expressly abandoned their earlier contention that the plaintiffs were barred from maintaining this count by reason of the concluding clause of G. L. c. 150E, § 8.

Fratus v. Board of Selectmen of Yarmouth.

tion of the court (*Healy* v. *McAbee*, 5 Mass. App. Ct. 608, 609 [1977]), while the plaintiffs appear to have overlooked the teachings of the *Stetson* case concerning the prevailing practice on certiorari.[7] In any event, the judge erred in dismissing the action as to count 2 without affording the plaintiffs an opportunity to introduce the transcripts of the proceedings before the selectmen and to present evidence or otherwise develop facts and marshal legal arguments in support of their various allegations.

3. Count 3 of the complaint contains allegations by which the plaintiffs seek to fasten personal liability on one of the selectmen[8] by reason of his allegedly biased participation in the disciplinary proceedings. The parties have temporarily composed their differences with respect to this count by agreeing in their briefs and at the argument that the action should not have been dismissed as to this count but should have been stayed until the close of the 1978 session of the Legislature for the reasons set out in *Whitney* v. *Worcester*, 373 Mass. 208, 210, 225–226 (1977), which was decided approximately two months prior to the dismissal in this case. Compare *Feldman* v. *Worcester*, 373 Mass. 276, 278 (1977). The parties will undoubtedly wish to assess their respective positions and the present pleadings in light of the provisions of the new G. L. c. 258, inserted by St. 1978, c. 512, § 15.[9]

The judgment is affirmed as to count 1 but reversed as to counts 2 and 3; the action is remanded to the Superior Court Department for further proceedings not inconsistent with this opinion; costs of appeal are not to be awarded to any party.

*So ordered.*

---

[7] As in the *Stetson* case, the plaintiffs may wish to sharpen their allegations by amendment of this count. See 369 Mass. at 758–759.

[8] See note 2, *supra.*

[9] See also St. 1978, c. 512, § 16.