SORZIO PICCERELLI *vs.* BOARD OF SELECTMEN OF SWANSEA (and two
companion cases). May 30, 1979. 1. There is no merit to the contention
that the selectmen lacked authority to conduct their inquiry hearing
of June 27, 1975. Although the provisions of G. L. c. 41, § 97A (which
has been accepted by the town of Swansea), entrust the supervision
and immediate control of all police officers to the chief of police (*Chief
of Police of Westford* v. *Westford,* 365 Mass. 526, 530 [1974]), those
same provisions also charge the selectmen with the duties of (and thus
the ultimate responsibility for) appointing and removing all police
officers, including the chief of police (here the father of the plaintiff
Bell). It is clear from the record in this case that the selectmen, in
putting their questions to each plaintiff as to his possible participation
in, knowledge of, or concealment of the facts concerning an automo-
bile accident of January 18, 1975, in which one of the automobiles
involved was reported to have been stolen, were acting in furtherance
of their duty to determine the fitness of the plaintiffs to continue to
serve as police officers. See and compare *Broderick* v. *Police Commr.
of Boston,* 368 Mass. 33, 37, 39-40, 41-43, 44 (1975), cert. denied, 423
U.S. 1048 (1976). See also G. L. c. 41, § 23B. 2. The summons served on
each plaintiff (G. L. c. 233, § 8) to appear at that hearing required his
"presence . . . for the purpose of answering questions relative to the
internal affairs of the Swansea Police Department." It is obvious from
the remarks concerning newspaper reports made at the hearing by
counsel who then represented both plaintiffs, from counsel's demand
that he be permitted to examine the report concerning the events of
January 18, 1975, which had been submitted to the selectmen by the
district attorney, and from the allegations of the first two complaints
filed in No. 1962, that neither plaintiff was under any misapprehen-
sion as to the subject matter of the selectmen's inquiry. See *Gardner*
v. *Massachusetts Turnpike Authy.,* 347 Mass. 552, 563-564 (1964), *S.C.,*
348 Mass. 532 (1965). There is nothing in the record to suggest that the
inquiry was other than investigatory (as was repeatedly emphasized
by the selectmen); the narrow questions put to the plaintiffs were
relevant to the fitness of each to continue to serve as a police officer;
no effort was made to force either plaintiff to waive his privilege
against self-incrimination; and there was no threat of criminal prose-
cution. See and compare *Broderick* v. *Police Commr. of Boston,* 368
Mass. at 38 n.3, 39-40, 41-44. The trial judge's conclusion that that
hearing was not "full and fair" appears to rest on nothing firmer than
a misunderstanding of the nature, purpose and permissible scope of
the inquiry. 3. There is nothing in the record to support the plaintiffs'
contention (or the trial judge's conclusion) that there was something

unfair about the disciplinary hearing conducted by the selectmen on August 21, 1975. The stenographic transcript of the inquiry of June 27, 1975, was introduced in evidence by agreement of counsel. There is nothing to suggest that either plaintiff was deprived of an opportunity to present evidence to the effect that his refusal to answer the questions put to him at the earlier hearing had been in good faith (if that was material) or had been compelled by some overriding duty to refuse to answer. See *Silverio* v. *Municipal Court of the City of Boston,* 355 Mass. 623, 626, 630-631, cert. denied, 396 U.S. 878 (1969). Counsel for the plaintiffs did not advise the selectmen of the identity or anticipated testimony of the witness whose presence was desired by the plaintiffs; there is nothing in the transcript of the August 21, 1975, hearing which would warrant a finding that the selectmen's refusal to grant a continuance was made in bad faith; and no effort was made at trial to prove that that refusal was other than in good faith. See *Daley* v. *District Court of Western Hampden,* 304 Mass. 86, 96-97 (1939). 4. The refusal of each plaintiff to answer the questions which had been put to him on June 27, 1975, constituted "cause" (G. L. c. 41, § 97A) and "just cause" (St. 1968, c. 396) for his removal, as voted by the selectmen at the conclusion of the hearing of August 21, 1975. *Silverio* v. *Municipal Court of the City of Boston,* 355 Mass. at 625-626, 628-630. *Broderick* v. *Police Commr. of Boston,* 368 Mass. at 37-38. 5. There is no longer any necessity for answering the question raised by Bell as to whether he was entitled to appeal to the selectmen from the four-day suspension meted out to him by the chief of police; the record warrants (if it does not require) the conclusion that Bell was ultimately paid for those days, and it does not appear that any other type of relief was desired or available. 6. Nor is there any necessity for determining whether either plaintiff might have had a right to secure review of his removal by the Civil Service Commission. There is no evidence that the town has ever acted under G. L. c. 31, § 48 (as in effect prior to St. 1978, c. 393, § 11), to place its police department under the Civil Service Law; but if we were to assume solely for the purpose of decision in these cases that something in St. 1968, c. 396, would otherwise have afforded the plaintiffs an opportunity for such review, each plaintiff has waived that opportunity by insisting on litigating the propriety of his removal in the present proceedings. See *Bergeron* v. *Superintendent, Walter E. Fernald State Sch.,* 353 Mass. 331, 333 (1967); *Police Commr. of Boston* v. *Ciccolo,* 356 Mass. 555, 558 (1969). In addition, Bell, who named and served the commission (as well as the selectmen) as a party defendant in No. 2391, is in no position to urge that the commission should or could reach any conclusion different from the ones reached by us in these proceedings. See and compare *Nawn* v. *Selectmen of Tewksbury,* 4 Mass. App. Ct. 715, 718 (1976). 7. The only point raised by the second count of the second substitute complaint in No. 1962 and by the single count of the complaint in No. 3218 has been waived by failure to argue (Mass.R.A.P. 16[a][4], as amended, 367 Mass. 921 [1975]), possibly because the point was totally devoid of merit. See *Fratus* v. *Selectmen of Yarmouth,* 6 Mass. App. Ct. 605, 608 (1978).

*Judgments affirmed.*

*Robert E. Allen, Jr.*, for Kenneth Bell.
*Raymond V. Pettine*, Town Counsel, for the defendant.