GEORGE FRATUS & others *vs.* BOARD OF SELECTMEN OF YARMOUTH & others. March 29, 1984. *Municipal Corporations,* Selectmen, Police. *Conflict of Interest. Massachusetts Tort Claims Act. Negligence,* Selectman.

After the decision of this court in *Fratus* v. *Selectmen of Yarmouth,* 6 Mass. App. Ct. 605 (1978), the plaintiffs (three police officers of Yarmouth) amended their complaint to state four counts. The first sought declaratory and injunctive relief to block enforcement of a disciplinary action (ten days' suspension) ordered after a hearing by the board of selectmen, one of whose members, the defendant McGrath, was alleged by the plaintiffs to have had a conflict of interest and to have been biased against the plaintiffs. The second count sought tort damages against McGrath and the town for emotional distress and physical illness suffered by the plaintiffs as results of McGrath's intentional misconduct. The third count sought tort damages against McGrath (perhaps also the town) for the same injuries, resulting from McGrath's negligence. The fourth count, insofar as now argued, sought tort damages against the town for the same injuries, based on the alleged negligence of the selectmen.

The town was deleted as a defendant in counts two and three by stipulation. The counts other than the first were tried to a jury, and the judge directed a verdict for the town on count four. The jury returned verdicts for the defendant McGrath on count two and for the plaintiffs on count three. On count one the judge found that the plaintiffs were given a fair hearing by the board and that McGrath's participation was untainted by bias, prejudice, malice, bad faith, or conflict of interest. On count three the judge ordered entry of judgment for the defendant McGrath notwithstanding the jury's verdict. The plaintiffs appealed.

The conflict of interest alleged against the defendant McGrath was that at the time of the hearing he had an arrangement for employment with the attorney who represented the complainant who had charged the plaintiffs with brutality. See G. L. c. 268A, § 19(*a*). The evidence was probably insufficient to warrant a finding that such an arrangement existed. If such a conflict had existed, however, and if McGrath had in fact been biased against the plaintiffs, his improper participation in the hearing, if tortious (a point we need not decide), would be an inten-

tional tort excluded by G. L. c. 258, § 10(*c*), from the coverage of the Massachusetts Tort Claims Act. We take the jury's verdicts on counts two and three together to have established that any culpability on the part of McGrath did not rise to the level of intentional behavior but was at most negligent. For mere negligence McGrath is made immune from personal liability either by G. L. c. 258, § 2, or by the principles enunciated in *Gildea* v. *Ellershaw,* 363 Mass. 800, 820 (1973). Thus, the judge did not err in ordering entry of judgment n.o.v. on count three. The directed verdict on count four was also proper because, under G. L. c. 258, § 10(*b*), relating to discretionary functions, the town could not be made answerable in damages for the selectmen's improper conduct of a disciplinary hearing. Because the judge's findings on count one were warranted by the evidence, the case of *Selectmen of Barnstable* v. *Alcoholic Beverages Control Commn.,* 373 Mass. 708 (1977), is inapposite, and relief under G. L. c. 268A, § 21(*a*), is not available.

*Judgments affirmed.*

*Alan A. Green* for the plaintiffs.
*Richard J. Innis* for the defendants.