Giles, J.
Introduction
This is an action by plaintiff Edward P. Clark Post, 107, American Legion, Inc. (“American Legion”), against defendant Town of Natick Board of Selectmen and its individual members (“Board”) for certiorari (Count I), declaratory relief (Count II, and judicial review pursuant to G.L.c. 30A, §14 (Count III). The Board has moved to dismiss the complaint under Mass.RCiv.P. 12(b)(6), which motion the American Legion opposes. After hearing, and for the reasons set forth below, the motion is ALLOWED IN PART and DENIED IN PART.
Background
The American Legion, a non-profit organization located at 13 West Central Street, Natick, Massachusetts, is the holder of a Board-issued license to sell alcoholic beverages. On November 23, 2003, uniformed Natick Police Officer Amy Coughlin (“Off. Coughlin”), while attempting to enter the American Legion premises in search of a suspect in a serious assault who was known to frequent the American Legion, was physically blocked and denied access to the building. Access was gained only after she was joined by two fellow male officers.
The Board held a hearing over three days between March 8 and March 29, 2004, apparently to determine if the American Legion had violated G.L.c. 138, §63A in initially refusing the police admission. Off. Coughlin, the two male officers, the police chief, and the manager, bartender, and two members of the American Legion testified at the hearing. At the conclusion, the Board voted to continue the matter without a finding for eighteen months, after which the matter would be dismissed if no further violations occurred.
The American Legion appealed that action to the Alcoholic Beverages Control Commission (“ABCC”). On April 21, 2004, the ABCC determined that the American Legion had no standing to appeal because, under G.L.c. 138, §67, a licensee may appeal alicens *437 ing authority’s action to the ABCC only if his/her/its license has been modified, suspended, canceled, or revoked, which the American Legion’s was not. The instant action ensued.
Discussion
I. Rule 12(b)(6) Standard
Rule 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief may be granted. See C.M. v. P.R., 420 Mass. 220, 221 (1995). Massachusetts courts review a 12(b)(6) motion to dismiss under “the standard advanced by the United States Supreme Court in Conley v. Gibson: ‘In appraising the sufficiency of the complaint we follow . . . the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief.’ ” Nader v. Citron, 372 Mass. 96, 97-98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979); Charbonnier v. Amico, 367 Mass. 146, 152 (1975). To survive a motion to dismiss, the complainant need not advance the correct legal theory, but merely must provide a “short and plain statement of the claim showing that the pleader is entitled to relief.” Whitinsville Plaza, 378 Mass, at 89, quoting Mass.R.Civ.P. 8(a)(1). See also Harvard Law Sch. Coalition for Civil Rights v. President & Fellows of Harvard College, 413 Mass. 66, 71 (1992). Additionally, the court accepts as true all allegations in the plaintiffs complaint, as well as any reasonable inferences drawn therefrom. See General Motors Acceptance Corp. v. Abington Casualty Ins. Co., 413 Mass. 583, 584 (1992); Nader, 372 Mass, at 98.
II. Certiorari Pursuant to G.L.c. 249, §4 (Count I)
“The relief sought in an action in the nature of certiorari is ‘to correct substantial errors of law apparent on the record adversely affecting material rights [of the parties].’ ” Commissioners of Civil Serv. v. Municipal Ct. of Boston, 369 Mass. 84, 90 (1975), quoting from Sullivan v. Committee on Rules of the House of Representatives, 331 Mass. 135, 139 (1954). See Durbin v. Board of Selectmen of Kingston, 62 Mass.App.Ct. 1, 4-5 (2004); G.L.c. 249, §4. Certiorari review pursuant to G.L.c. 249, §4 is addressed only to “those errors which have resulted in manifest injustice to the plaintiff or which have adversely affected the real interests of the general public,” Murray v. Second District Court of Eastern Middlesex, 389 Mass. 508, 511 (1983), and “serves to ‘correct errors’ in administrative proceedings by means of judicial review where such oversight is not otherwise provided by statute.” Yerardi’s Moody Street Restaurant and Lounge, Inc. v. Board of Selectmen of Randolph, 19 Mass.App.Ct. 296, 300 (1985). See Cumberland Farms, Inc. v. Planning Bd. of Bourne, 56 Mass.App.Ct. 605, 607 (2002). In order to obtain a right of review under G.L.c. 249, §4, the plaintiff must show “(1) ajudicial or quasi judicial proceeding; (2) a lack of all other reasonably adequate remedies; and (3) a substantial injury or injustice arising from the proceeding under review.” Boston Edison Co. v. Board of Selectmen of Concord, 355 Mass. 79, 83 (1968). Judicial review in an action for certiorari does not extend to an assessment of the strength of the evidence supporting an administrative agency’s decision. Yerardi’s Moody Street Restaurant & Lounge, Inc., 19 Mass.App.Ct. at 300.
This court concludes that certiorari does not lie in the instant action because the American Legion cannot prove that it has incurred a “substantial injury or injustice” or that it lacks “all other reasonably adequate remedies.” Boston Edison Co., 355 Mass, at 83. The American Legion has sustained no loss of or restriction upon the use of its license whatsoever, merely the imposition of an inconsequential period of probation. Assuming no further difficulties, the matter will be dismissed automatically in eighteen months with no sanction. Thus, the American Legion has incurred no manifest, substantial injury or injustice by the Board’s disposition. Contrast Boston Edison Co., 355 Mass, at 85; Stetson v. Board of Selectman of Carlisle, 369 Mass. 755 (1976); Whitney v. Judge of the District Court, 271 Mass. 448, 459 (1930). Furthermore, the plaintiff has an adequate remedy under the Declaratory Judgment Act, as discussed below. Accordingly, certiorari relief from the court is not available to the American Legion as a matter of law.
III.Declaratory Relief Pursuant to G.L.c. 231A, §1 et seq. (Count n)
G.L.c. 231A, §1 allows courts to “make binding declarations of right, duly, status and other legal relations sought thereby, either before or after a breach or violation thereof has occurred in any case in which an actual controversy has arisen and is specifically set forth in the pleadings.” G.L.c. 231 A, §1. “The purpose of this statute is to provide a plaintiff relief from uncertainty and insecurity with respect to rights, duties, status, and other legal relations.” Sahli v. Bull HN Information Systems, Inc., 437 Mass. 696, 705 (2002). See Oxford v. Oxford Water Co., 391 Mass. 581, 584-85 (1984).
Even though the count for certiorari is to be dismissed, it does not follow that the plaintiffs claim for declaratory relief also must fail. See Fratus v. Board of Selectmen of Yarmouth, 6 Mass.App.Ct. 605, 608 (1978). The American Legion is correct in asserting that, under G.L.c. 138, §64, the Board had no explicit authority to continue the matter without a finding and that G.L.c. 138, §63A punishes a licensee’s refusal to admit only investigators, inspectors, and agents of the ABCC. It is well settled that “a dispute over an official interpretation of a statute constitutes a justiciable controversy for purposes of declaratory relief.” Santana v. Registrars of Voters of Worcester, 384 Mass. 487, 493 (1981). Therefore, the American Legion has stated *438 a claim for declaratory relief sufficient to withstand a motion to dismiss.
IV. Judicial Review Pursuant to G.L.c. 30A, §14 (Count III)
Any person or appointing authority aggrieved by a final decision of any agency in an adjudicatory proceeding may seek judicial review of that decision under the Administrative Procedure Act. G.L.c. 30A, §14. An “adjudicatory proceeding” is defined under the Act as “a proceeding before an agency in which the legal rights, duties or privileges of specifically named persons are required by constitutional right or by any provision of the General Laws to be determined after opportunity for an agency hearing.” G.L.c. 30A, §1. Pursuant to G.L.c. 138, §64, the Board had the right to “modify, suspend, revoke or cancel” the American Legion’s license after notice and reasonable opportunity to be heard “upon satisfactoiy proof that [it] ha[d] violated or permitted a violation of any condition” of its license. G.L.c. 138, §64. Any person aggrieved by the Board’s action in modifying, suspending, canceling, revoking, or declaring forfeited a license may appeal to the ABCC. G.L.c. 138, §67.
It is uncontroverted that the Board did not modify, suspend, revoke, or cancel the American Legion’s license but, rather, continued the matter without a finding. Therefore, the ABCC had no jurisdiction to hear the American Legion’s appeal. See Casa Loma, Inc. v. Alcoholic Beverages Control Comm., 377 Mass. 231, 235 (1979). Because the ABCC had no statutory authority to hear the appeal, there was no adjudicatory proceeding from which the American Legion could seekjudicial review. See id.; G.L.c. 30A, §14. Thus, the plaintiff has failed to state a claim for relief under the Administrative Procedures Act.
ORDER
For all the foregoing reasons, it is hereby ORDERED AND ADJUDGED that the defendant Board’s motion to dismiss be ALLOWED as to Counts I (G.L.c. 249, §4) and III (G.L.c. 30A, §14) and DENIED as to Count II (G.L.c. 231A, §1 et seq.) and that Counts I and III be DISMISSED.