Walker, Joseph M., J.

INTRODUCTION

This is an action by plaintiff Edward P. Clark Post, 107, American Legion, Inc. (“American Legion”) against defendant Town of Natick Board of Selectmen and its individual members (“Board”) for declaratoiy relief (Count II). Pursuant to Mass.RCiv.P. 12(c), the American Legion has moved for judgment on the pleadings, requesting the court to find that the Board issued a sanction against the American Legion contrary to statute (G.L.c. 138, §64); to remand the matter to the Board for entry of dismissal of the allegations against the American Legion, and award all costs and fees incurred as a result of this action. The Board opposes the American Legion’s motion for judgment on the pleadings on the ground that it acted within the legal authority granted by G.L.c. 138, §64, and has imposed no sanction[1] that impairs the American Legion’s license to sell alcoholic beverages or otherwise operate. For the same reasons, the defendants request that their cross motion for judgment on the pleadings be granted.

BACKGROUND

The American Legion, a non-profit organization located at 13 West Central Street, Natick, Massachusetts is the holder of a Board-issued license to sell alcoholic beverages. On November 23, 2003, uniformed Natick Police Officer Amy Coughlin (“Cough-lin”), while attempting to enter the American Legion premises in search of a suspect in a serious assault,[2] was physically blocked and denied access to the building. Access was obtained only after she was joined by two fellow male police officers.
The Board conducted hearings over the course of three days between March 8 and March 29, 2004. The hearings appear to have been held to determine if the American Legion had violated G.L.c. 138, §63A by refusing, initially, the police officer’s admission. At the hearings, Coughlin, the two male officers, the police chief, the manager, the bartender, and two members of the American Legion testified. At the hearings’ conclusion, the Board voted 3-2 to continue the matter without a finding for eighteen months. If no further violations occurred at the American Legion location, the matter would then be dismissed.
The American Legion appealed the Board’s action to the Alcoholic Beverages Control Commission (“ABCC”). On April 21, 2004, the ABCC determined that the American Legion had no standing to appeal because, under G.L.c. 138, §67, a licensee may appeal a licensing authority’s action to the ABCC only if his/her/its license had been modified, suspended, canceled, or revoked. In this case, the American Legion's license suffered none of those four fates, rendering an appeal futile. The instant cause of action ensued, and the underlying facts and the procedures that were utilized are not really in dispute.

DISCUSSION

A motion for judgment on the pleadings brought pursuant to Mass.R.Civ.P. 12(c) is treated as a motion to dismiss. See J.W. Smith & H.B. Zobel, Rules Practice, §12.16 (1974), as quoted in Jarosz v. Palmer, 435 Mass. 526, 529-30 (2002). In deciding a rule 12(c) motion, all facts pleaded by the non-moving party must be accepted as true. Jarosz, supra, at 529-30, citing Minay a v. Massachusetts Credit Union Share Ins. Corp., 392 Mass 904, 905 (1984). If it is determined that a material fact is in dispute between the moving party and the non-moving party, the motion for judgment on the pleadings must be denied. See Canter v. Planning Bd. of Westborough, 7 Mass.App.Ct. 805, 808-09 (1979).
*587 1. Mootness
As of the date of hearing on the motion and cross motion (July 5, 2005) the “continued without finding” issued by the Board was still in effect. This matter is not moot.
2. Standing
Based on the Board’s previously entertained motion to dismiss all three verified complaint counts pursuant to Mass.R.Civ.P. 12(b)(6), the court’s refusal to dismiss Count II implicitly recognizes the American Legion’s standing to maintain its claim for declaratory relief pursuant to G.L.c. 231A, §1 et seq. 64.[3]
G.L.c. 231 A, §1 allows courts to “make binding declarations of right, duty, status and other legal relations sought thereby, either before or after a breach or violation thereof has occurred in any case in which an actual controversy has arisen and is specifically set forth in the pleadings.” G.L.c. 231A, §1. “The purpose of this statute is to provide a plaintiff relief from uncertainty and insecurity with respect to rights, duties, status, and other legal relations.” Sahli v. Bull HN Information Systems, Inc., 437 Mass. 696, 705 (2002). See Oxford v. Oxford Water Co., 391 Mass. 581, 584-85 (1984).
Notably, in Justice Giles’ review of this Count II claim on the defendants’ motion to dismiss, she made the following observations (if not a legal interpretation of G.L.c. 138, §63 et seq.): “The American Legion is correct in asserting that under G.L.c. 138, §64, the Board had no explicit authority to continue the matter without a finding ... It is well settled that ‘a dispute over an official interpretation of a statute constitutes a justiciable controversy for purposes of declaratory relief.’ Santana v. Registrars of Voters of Worcester, 384 Mass. 487, 493 (1981).” [18 Mass. L. Rptr. 436.)
Here, the question before this court on the respective party’s motions for judgment on the pleadings is simple and clear: does G.L.c. 138, §§63-64 grant an entity such as the Board legal authority to take a course of action other than those specifically set forth in the statute, that is to say, to “modify, suspend, revoke or cancel” the American Legion’s license “upon satisfactory proof that [it] ha[d] violated or permitted a violation of any condition thereof or any law of the Commonwealth?” G.L.c. 138, §64. This court finds that G.L.c. 138, §64 does not grant such unspecified authority to the Board. If the legislature had intended to provide local boards with latitude to impose some intermediate sanctions for a licensee’s questionable conduct or practices not quite arising to a license violation, then the legislature would have declared those sanctions and set forth guidance for their imposition.
The defendants concede that the statute does not explicitly provide for the action that the Board has taken. However, the statute does explicitly dictate the course of action that the Board may properly take if it finds through satisfactory proof that a violation has occurred.
This court finds that pursuant to the statute, the duly of the Board was to make a finding after conducting its hearings. Instead, the Town of Natick’s April 6, 2004 letter[4] merely summarizes the testimony obtained from witnesses during the hearings. It fails to confirm that the Board members undertook any assessment of the witness’ credibility. It also fails to present a clear statement of factual findings based on the credible evidence. If the evidence and testimony did not prove substantial enough to constitute a license violation, then the Board’s course of action is clear and unambiguous under the statute — the matter should have been dismissed. The Board’s effort to fashion an arbitrary alternative sanction not delineated by the applicable statute does not “provide a plaintiff relief from uncertainty and insecurity with respect to rights, duties, status, and other legal relations.” Sahli v. Bull HN Information Systems, Inc., supra, at 705.
In reaching this conclusion, the court notes that if the American Legion should engage prospectively in inappropriate conduct contrary to the conditions of its liquor license, the Board retains all statutorily defined authority to act in accordance with G.L.c. 138, §63 et seq.

ORDER

For the foregoing reasons, and for the reasons set forth in the plaintiffs memorandum of law, the court enters judgment on the pleadings in favor of the plaintiff, and finds that the defendant Town of Natick Board of Selectmen issued a sanction contrary to the applicable statute. Accordingly, the defendants’ request for entry of judgment in their favor is DENIED.
Further, the court finds that the defendant Town of Natick Board of Selectmen’s authority to act on allegations of violation of liquor license conditions are prescribed specifically by G.L.c. 138, §64.
Further, the court remands the matter to the Town of Natick Board of Selectmen for entry of dismissal of the allegations against the Edward P. Clark Post, 107, American Legion, Inc.
Finally, the court awards the Edward P. Clark Post, 107, American Legion, Inc. all costs and fees incurred as a result of the defendants’ action.

At hearing on July 5, 2005, the defendants’ counsel sought to verbally amend its Answer to the Verified Complaint, in which it admitted that “On March 29, 2004, and by a vote of 3-2, issued the following sanction: ‘the Board voted to continue the matter for eighteen months without a finding. If no further violations occur prior to September 29, 2005 the matter will be dismissed.’ ” (Verified Complaint, Paragraph No. 12. The court took no action at hearing, but after further reflection, the defendants’ request to amend the Answer is DENIED.

The suspect was known to frequent the American Legion.

By written decision dated October 22, 2004, Superior Court Justice Linda E. Giles granted the defendants’ motion to dismiss Count I (Certiorari Pursuant to G.L.c. 249, §4); and Count III (Judicial Review Pursuant to G.L.c. 30A, §14).

The letter was submitted as an attached exhibit to the plaintiffs verified complaint.