338 Mass. 25                                        25

Beaumont *v.* Director of Hospitals & Superintendent of Boston City Hospital.

E. Louise Beaumont *vs.* Director of Hospitals
and Superintendent of the Boston City Hospital
& others.

Suffolk.    October 10, 1958. — October 31, 1958.

Present: Wilkins, C.J., Ronan, Spalding, Counihan, & Cutter, JJ.

*Mandamus.    Civil Service.    Waiver.*

A written notice given by the appointing authority to a civil service employee of a hospital of removal for "conduct unbecoming an employee of the hospital [and] for the good of the service" did not state "fully and specifically the reasons" for the removal as required by G. L. c. 31, § 43 (a).

A civil service employee by duly requesting a hearing before the civil service commission under G. L. c. 31, § 43 (b), after a decision by the appointing authority removing her, instead of then challenging the removal by mandamus on the ground that the notice of decision was insufficient under § 43 (a), waived the deficiency in the notice and lost the right to question it subsequently in a mandamus proceeding brought to restore her to her position following dismissal by the commission of her request for a hearing.

PETITION for a writ of mandamus filed in the Superior Court on October 9, 1957.

The case was heard by *Collins,* J.

*Wilfred J. Peltier & Charles E. Pelletier,* for the petitioner, submitted a brief.

*William D. Quigley,* Assistant Corporation Counsel, for the respondents.

SPALDING, J.    This is a petition for a writ of mandamus to restore the petitioner to her position in the civil service, from which, it is alleged, she has been improperly removed.

The facts are not in dispute.    The petitioner was employed as a laboratory technician in the sanatorium division of the Boston City Hospital.    Following a hearing held on April 26, 1957, by the hospital board of trustees (the appointing authority under G. L. c. 31, § 43) the petitioner was notified

that she was removed as of the close of business, April 30, 1957, for "conduct unbecoming an employee of the hospital [and] for the good of the service." The petitioner within five days requested a hearing before the civil service commission. § 43 (b). On May 2, 1957, the petitioner's request for a hearing was acknowledged and a hearing date was set for May 10. Subsequently this was changed to August 5. Having failed to appear at the hearing, the petitioner was notified by the commission that her request for a hearing was dismissed. Thereupon the petitioner brought this petition for a writ of mandamus, which was ordered dismissed "as a matter of law and also as a matter of discretion." From a judgment entered in accordance with this order, the petitioner appealed.

There was no error.

The notice of decision did not state "fully and specifically the reasons therefor" as required by G. L. c. 31, § 43 (a), and the petitioner could then have asserted her rights in mandamus proceedings. *Peckham* v. *Mayor of Fall River*, 253 Mass. 590, 593. *Bois* v. *Mayor of Fall River*, 257 Mass. 471. She did not adopt that course but instead requested a hearing before the commission under § 43 (b). The case at bar is governed in principle by *Daley* v. *District Court of Western Hampden*, 304 Mass. 86, 92. There the petitioner was removed in proceedings conducted under G. L. c. 31, § 42B, pursuant to an invalid notice. The petitioner thereafter sought judicial review under § 42B and in those proceedings attempted to challenge the sufficiency of the notice. It was held that the petitioner could have challenged the removal on the ground of improper notice by bringing a petition for a writ of mandamus, but having failed to avail himself of that remedy and having sought judicial review under the statute, he thereby admitted that there had been such a hearing before the commission as to entitle him to review, and that he thereby waived the deficiency in the notice and could not raise it thereafter. So here, the petitioner could have challenged the removal in mandamus proceedings on the ground of insufficient notice at the time

she received it, but she saw fit not to do so and requested the administrative review afforded by § 43 (b). Having done so, she must be deemed to have waived the deficiency in the notice and lost the right to question it in the present proceedings.

*Judgment affirmed.*