WILBUR W. LUACAW *vs.* FIRE COMMISSIONER OF BOSTON.

Suffolk.    December 9, 1965. — March 3, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & SPIEGEL, JJ.

*Mandamus. Civil Service. Waiver. Statute,* Construction. *Constitutional Law,* Due process of law.

Nothing in St. 1959, c. 569, § 5, revising G. L. c. 31, § 46A, affects the principle that a civil service employee, by seeking under c. 31, § 43 (b), a hearing before the Civil Service Commission respecting action affecting him by the appointing authority under § 43 (a), waives any deficiency in the notice of charges and hearing required by § 43 (a) and loses his right to attack by mandamus the action of the appointing authority on the ground of such deficiency.    [328]

A judicial construction given to a statute must be given also to a later statute using the terms of the earlier statute.    [329]

There was no merit in a contention that a removal of a civil service fire fighter from his position by the appointing authority was accomplished in violation of the employee's right to due process of law where it appeared that he waived, or invoked but failed to pursue, all remedies for challenging the legality of the appointing authority's action.    [330]

Luacaw v. Fire Commissioner of Boston.

PETITION filed in the Superior Court on January 18, 1965.

The case was heard by *Sullivan, J.*

*Robert L. Wise* for the petitioner.

*William H. Kerr* for the respondent.

KIRK, J. The petitioner appeals from an order of the judge that his petition for a writ of mandamus be dismissed. The petitioner sought to compel the fire commissioner of the city of Boston (the commissioner) to restore him to his position as a permanent fire fighter in the civil service of the city. The case was submitted to the judge on the pleadings and a statement of agreed facts which we summarize.

On November 2, 1964, the commissioner gave notice in writing to the petitioner that he, having been absent on "injured leave" since September 9, 1963, failed to report for light duty on September 8, 1964, as ordered on September 6, 1964; and further, that having been absent without leave continuously since September 8, 1964, to the date of the charges, he would be granted a hearing on the charges on November 6, 1964. Appended to the notice were copies of G. L. c. 31, §§ 43, 45, and 46A, as amended through St. 1959, c. 569, and copies of St. 1962, c. 205 and c. 776. The "purported hearing" was held by the commissioner as the appointing authority on November 6, 1964. On the same date, the commissioner sent a letter to the petitioner advising him that, having been found guilty of the charges, he was removed from his position effective at twelve o'clock noon, November 6, 1964.

Thereafter the petitioner requested a hearing by the Civil Service Commission relative to his discharge. The matter was set down to be heard on November 24, 1964. The petitioner appeared by counsel and requested a continuance which was granted to December 10, 1964. On the latter date, the petitioner by his counsel presented to the hearing officer a "notice and motion to stay proceedings." The motion stated, inter alia, that the petitioner proposed to "challenge" the commissioner's action "by proceedings in mandamus . . . in the Courts." The motion was denied

and the hearing was ordered to proceed. The commissioner presented his case. The petitioner did not participate in the hearing, except to have a notation formally made that he was not participating. The hearing officer, at the conclusion of the commissioner's case, again continued the hearing to January 21, 1965. On that date, there being no further evidence, the hearing was declared closed.

The Commissioner concedes that his notice of hearing to the petitioner, dated November 2, 1964, was defective in that it did not specify the disciplinary action or actions "contemplated," as required by G. L. c. 31, § 43 (a). *Daley v. District Court of Western Hampden,* 304 Mass. 86, 90–92. The petitioner, on the other hand, concedes that he did not file a complaint with the Civil Service Commission within seven days after the commissioner's action of November 6, 1964, alleging that the commissioner, as appointing authority, had failed to follow the requirements of G. L. c. 31, § 43.

The question presented is whether, on the facts stated, a petition for a writ of mandamus will lie. The commissioner contends that such a petition will not afford a remedy to the employee where, as here, after the receipt of the appointing authority's decision, and despite a defect or deficiency in the notice of hearing by the appointing authority, the employee requests a hearing before the Civil Service Commission. Under our holdings in the *Daley* case, and in *Beaumont* v. *Director of Hosps. & Superintendent of Boston City Hosp.* 338 Mass. 25, 26–27, the commissioner's position is clearly unassailable.

The petitioner argues, however, that the *Daley* and *Beaumont* cases are no longer applicable because of the provisions of St. 1959, c. 569, § 5, which revised G. L. (Ter. Ed.) c. 31, § 46A. We think the petitioner misapprehends St. 1959, c. 569, § 5, which was remedial in nature in two respects. The petition for a writ of mandamus under § 46A, as appearing in the Tercentenary Edition, was available only in cases of illegal removal. Statute 1959, c. 569, § 5, substituted a new paragraph by which the writ was

made available to one "alleged to have been illegally discharged, removed, suspended, laid off, transferred, lowered in rank or compensation, or whose office or position is alleged to have been illegally abolished . . . ." The effect of the first paragraph of St. 1959, c. 569, § 5, was to permit the writ to issue also when the appointing authority took any one of several other actions under G. L. c. 31, § 43. The new paragraph did not, in any respect, change the point or place in the sequence of proceedings under G. L. c. 31, § 43, when the writ may issue. This conclusion follows from the application of the familiar rule of construction that "when the same legislature, in a later statute, use the terms of an earlier one which has received a judicial construction, that construction is to be given to the later statute. And this is manifestly right. For if it were intended to exclude any known construction of a previous statute, the legal presumption is, that its terms would be so changed as to effect that intention." *Commonwealth* v. *Hartnett,* 3 Gray, 450, 451. *Weiner* v. *Boston,* 342 Mass. 67, 73. The result is that the *Daley* and *Beaumont* cases stand unimpaired and apply to the case at bar.

Statute 1959, c. 569, § 5, is remedial in another respect. It added a paragraph which permits any person whose employment or compensation has been affected by action of the appointing authority in failing to follow the requirements of § 43 to file a complaint with the Civil Service Commission within seven days after the appointing authority's action setting out the particulars wherein the requirements have not been followed. The complaint may be filed with the request for a hearing under G. L. c. 31, § 43. If the person's rights have been prejudiced by the failure of the appointing authority to observe the requirements of § 43 the commission may order his immediate restoration to duty without loss of compensation or other rights. These provisions permit an employee to ask for a review on the merits by the Civil Service Commission without waiving his right to challenge the sufficiency of the notice by the appointing authority, provided he submits the issue of suf-

ficiency of notice to the commission for determination within the time fixed by the statute. This the petitioner in the case before us did not do.

What we have already said disposes essentially of the petitioner's contention that he has been deprived of constitutional rights by a denial of due process of law. With particular respect to this contention, we make these observations. First, the petitioner has no constitutional right to be a fire fighter. *Bell* v. *District Court of Holyoke,* 314 Mass. 622, 625. Second, as we here hold, by requesting a hearing by the Civil Service Commission, he lost his right to invoke the remedy of mandamus. Third, the petitioner invoked, but declined to pursue, his statutory right to participate in a de novo hearing before the Civil Service Commission on the merits of his discharge by the commissioner. See *Sullivan* v. *Municipal Court of the Roxbury Dist.* 322 Mass. 566, 572. Finally, he failed to invoke his statutory right to challenge, before the Civil Service Commission, the legal sufficiency of the notice of hearing given to him by the commissioner. In view of the foregoing, it cannot be said that there was a denial of an opportunity to be heard at some stage of the proceedings after appropriate notice. *McGregor* v. *Hogan,* 263 U. S. 234, 237.

The case comes within the holding of *Beaumont* v. *Director of Hosps. & Superintendent of Boston City Hosp.* 338 Mass. 25. The order for judgment dismissing the petition must be affirmed.

*So ordered.*