RICHARD J. BERGERON *vs.* SUPERINTENDENT, WALTER E. FERNALD STATE SCHOOL.

Suffolk. November 7, 1967. — December 1, 1967.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Mandamus. Civil Service. Election.*

A discharged civil service employee, by pursuing his administrative remedy by complaint to the Civil Service Commission under G. L. c. 31, § 46A, alleging that statutory procedures had not been followed in his discharge, and by obtaining a hearing by the Commission under § 43 (b), made a binding election precluding him, after an adverse decision by the Commission, from maintaining a mandamus proceeding for reinstatement under § 46A.

PETITION for a writ of mandamus filed in the Superior Court on February 15, 1966.

The case was heard by *Chmielinski, J.* The respondent appealed from a judgment that the writ issue.

*Howard M. Miller*, Assistant Attorney General (*Edward W. Hanley, III*, Deputy Assistant Attorney General, with him), for the respondent.

*Joseph P. McKay* for the petitioner.

KIRK, J. The sole question presented by the superintendent's appeal from the granting of a writ of mandamus under G. L. c. 31, § 46A, is whether the petitioner (Bergeron) was barred from seeking the writ by pursuing his administrative remedy under § 46A and § 43 (b), before the Civil Service Commission.

Bergeron had a permanent appointment as a plumber and steamfitter at the Fernald school. After Friday, September 24, 1965, he did not return to work until October 29, 1965. On the latter day he was notified by the superintendent that his employment had been terminated because he had abandoned his position. He requested and was granted a hearing before the Civil Service Commission, charging that the procedures required by G. L. c. 31, § 43, had not been followed in dismissing him from his position. The hearing officer designated by the Commission found that Bergeron was not bedridden during his absence from work, and that he had neglected to notify the school of any reason for his absence until October 27. He further found that Bergeron had "voluntarily separated himself from his employment, and such separation constituted a resignation pursuant to General Laws, Chapter 31, Section 1." He concluded that Bergeron was not entitled to the remedy provided by c. 31, § 43. On February 2, 1966, the hearing officer's report and findings were adopted by the Civil Service Commission. The appeal was dismissed.

On February 15, 1966, the instant petition for a writ of mandamus was filed in the Superior Court. After hearing, the judge found that Bergeron had been ill during his absence from work and that on September 27, 1965, he had notified the school of the reason for his absence. Judgment was entered that the writ issue ordering Bergeron to be restored to his position with pay from October 29, 1965. The superintendent appealed.

One who has been discharged in violation of G. L. c. 31, § 43, is provided by § 46A with two remedies. He may file a complaint with the Civil Service Commission, which may be coupled with a request for hearing under § 43 (b). The decision of the Commission may be reviewed by the District Court or the Boston Municipal Court, G. L. c. 31, § 45, and then by this court upon petition for a writ of certiorari. *Sullivan* v. *Committee on Rules of the House of Representatives*, 331 Mass. 135, 139. He may also petition for a writ of mandamus. The two remedies are alternative. A person may avail himself of either, but not of both. *Daley* v. *District Court of Western Hampden*, 304 Mass. 86, 90–92. *Beaumont* v. *Director of Hosps. & Superintendent of the Boston City Hosp.* 338 Mass. 25, 26–27. By invoking proceedings before the Commission, Bergeron made a binding election. *Luacaw* v. *Fire Commr. of Boston*, 350 Mass. 326, 328. He may not thereafter seek mandamus.

The judgment is reversed. Judgment is to enter dismissing the petition.

*So ordered.*