ROBERT H. KERN *vs.* PERSONNEL ADMINISTRATOR OF THE DEPARTMENT OF PERSONNEL ADMINISTRATION & another.[1] No. 88-P-1188. February 20, 1990. *Practice, Civil*, Relief in the nature of certiorari. *Mandamus. Civil Service*, Fire fighters, Eligibility list, Judicial review. *Administrative Law*, Exhaustion of remedies.

In July, 1984, the personnel administrator of the Department of Personnel Administration (administrator) certified to the city of Lynn (city) a list (established after competitive examination) of fifteen persons eligible to be appointed as lieutenant in the city's fire department. The plaintiff was the thirteenth person on that list. Between July, 1984, and November, 1986, the first eleven persons were appointed. The July, 1984, eligibility list was extended until February 9, 1987, when a new list was established. See G. L. c. 31, § 25. As the plaintiff did not take the examination leading to the certification of the new list, his name did not appear on it.

---

[1]The mayor of the city of Lynn.

Anticipating two vacancies, the personnel director for the city mailed to the administrator, on January 26, 1987, a requisition for an eligibility list for appointment as fire lieutenant. In the normal course, the plaintiff's name would have been on such a list, which would be taken from the one established in July, 1984. However, it is the long-standing policy of the administrator not to respond to a requisition which is received (here, on January 29, 1987) within twenty-one days of the expiration (here, February 8, 1987) of an eligibility list. This is so because the necessary administrative tasks to appointment may not be completed within that time. An exception to the twenty-one day policy is made when the appointing authority requests an "expedited" procedure. In that situation, the appointing authority agrees to assume the burden of extraordinary measures to insure completion of the appointment process before the expiration of the list. In this case, the city did not ask for the accelerated process.

The plaintiff's grievance to his union was rejected, and thereafter he commenced this action in the Superior Court seeking an order that the administrator certify the plaintiff as eligible for promotion to fire lieutenant, nunc pro tunc to a date between January 27, 1987, and February 9, 1987. On confirmation of a master's report, judgments entered dismissing the plaintiff's claim on the merits.

The complaint fails to specify the legal theory upon which it rests. At oral argument on this appeal, the plaintiff suggested that the action could be sustained as being either in the nature of certiorari or mandamus. In the Superior Court and on appeal, the administrator raised the defense of the failure of the plaintiff to exhaust administrative remedies prior to resort to court proceedings. Neither the master nor the judge addressed the question. We deal with both the theory of the action and the principle of exhaustion of administrative remedies.

To the extent that the action against the administrator may be construed as one in the nature of certiorari, see G. L. c. 249, § 4, it fails. "[T]he requisite elements for availability of certiorari are (1) a judicial or quasi judicial proceeding; (2) a lack of all other reasonably adequate remedies; and (3) a substantial injury or injustice arising from the proceeding under review." *Boston Edison Co.* v. *Board of Selectmen of Concord*, 355 Mass. 79, 83 (1968). Certiorari is not available to the plaintiff against the administrator for the reason, if no other, that the plaintiff had another reasonably adequate remedy in an administrative tribunal. General Laws c. 31, § 2(b), empowers the Civil Service Commission to "hear and decide appeals by a person aggrieved by any decision, action or *failure to act* by the administrator . . ." (emphasis supplied). See *Reidy* v. *Acting Director of Civil Serv.*, 354 Mass. 760 (1968). See also *Ullian* v. *Registrar of Motor Vehicles*, 325 Mass. 197, 200 (1950); *Carney* v. *Springfield*, 403 Mass. 604, 605 (1988). Moreover, it appears that the administrator's failure to act involved administrative and not judicial or quasi judicial functions and

is, therefore, not open to review on certiorari. See *Reidy* v. *Acting Director of Civil Serv., supra.*

Because the city's failure to request the expedited procedure involved only administrative functions, certiorari does not lie to review the plaintiff's claims against the mayor of the city, even if it be assumed that they provide a basis for relief independent of those against the administrator.

As to the claims against the administrator, it is unnecessary to decide whether the complaint could be sustained as an action in the nature of mandamus. See G. L. c. 249, § 5. See and compare *Daley* v. *District Court of W. Hampden*, 304 Mass. 86, 91-92 (1939); *Hill* v. *Trustees of Glenwood Cemetery*, 323 Mass. 388, 395 (1948); *Chartrand* v. *Registrar of Motor Vehicles*, 347 Mass. 470, 473 (1964); *Bergeron* v. *Superintendent, Walter E. Fernald State Sch.*, 353 Mass. 331 (1967); *Callanan* v. *Personnel Admr. for the Commonwealth*, 400 Mass. 597 (1987). The appointment process would have had to be completed before the expiration of the list upon which the plaintiff's name appeared. See G. L. c. 31, § 25. It is undisputed that all the steps necessary to appointment could not have been accomplished (without the expedited procedure) within the time from receipt by the administrator of the city's requisition, January 29, 1987, and the establishment of the new list on February 9, 1987 (the last prior business day being February 6). Mandamus does not lie when the act sought to be compelled (here, certification of a list) would have been futile if timely done. See *Jantzen* v. *School Comm. of Chelmsford*, 332 Mass. 175, 178 (1955); *Angelico* v. *Commissioner of Ins.*, 357 Mass. 407, 411 (1970).

The plaintiff concedes that the decision whether to request the expedited procedure is within the discretion of the city. "Ordering an official . . . to make . . . discretionary determinations is not a proper function of a writ of mandamus, since if the act is discretionary there is by definition no official duty to perform it." *Channel Fish Co.* v. *Boston Fish Mkt. Corp.*, 359 Mass. 185, 187 (1971). See *Massachusetts Outdoor Advertising Council* v. *Outdoor Advertising Bd.*, 9 Mass. App. Ct. 775, 789 (1980).[2]

For the reasons which we have discussed, the judgments are affirmed. In view of our disposition, it is unnecessary to discuss the underlying merits of the plaintiff's claims.

*So ordered.*

*John P. McGloin* (*Elizabeth S. Maul* with him) for the plaintiff.

---

[2]The plaintiff makes no claim, nor could he on this record, that the city abused its discretion in failing to request the expedited procedure. (The record shows only that between 1972 and 1987, in the course of making one hundred promotions in the fire department, the city used the expedited process five times.) Rather, he argues that the availability of a procedure without express standards allows for abuse.

*Rosanna Cavallaro,* Assistant Attorney General, for Personnel Administrator of the Department of Personnel Administration.

*George S. Markopoulos* for the city of Lynn.