DelVecchio, J.
Plaintiff, Donald A. Sjostedt, Acting Police Chief for the Town of Duxbury commenced this action against defendants, Town of Duxbury (‘Town”) and John Ferguson in his capacity as the Treasurer of the Town, seeking a declaration under G.L.c. 231A that he is entitled to receive educational incentive benefits in accordance with G.L.c. 41, §108L. The parties have each moved for summary judgment pursuant to Mass.R.Civ.P. 56.
BACKGROUND
The undisputed facts are as follows. The Duxbury Police Department is organized into management (police chief and two lieutenants) and union members (six sergeants and 18 patrolmen). Since 1973, there has been in existence a collective bargaining agreement negotiated between the Town and the Duxbury Police Union.
Plaintiff began his employment with the Police Department as a patrolman. In 1977, the Town promoted Plaintiff to Sergeant, a position he held until February 2, 1987 when the Town promoted him to Deputy Chief of Police. Thereafter on December 24, 1987, plaintiff became a Lieutenant in the Police Department. As a patrolman and Sergeant, plaintiff was a member of the union and his employment was governed by the collective bargaining agreement. The positions of Deputy Chief of Police and Lieutenant are management positions. As non-union positions, they are not subject to the collective bargaining agreement. Rather, these positions are governed by the “By-Law Governing Duxbury Personnel Plan” (“Personnel By-Law”).
On March 14, 1972, the Town, at the annual town meeting, voted to accept the provisions of G.L.c. 41, § 108L which “established a career incentive pay program offering base salary increases to . . . members of the various ciiy and town police departments... as a reward for furthering their education in the field of police work.”[2] In 1973, plaintiff began receiving education incentive benefits under §108L after he had completed a certain number of course credits towards his Associate’s degree. Thereafter, in 1975, he received additional education incentive benefits upon obtaining his Associate’s Degree. The educational incentive benefits were increased again in 1977 when plaintiff earned his Bachelor of Science degree. Plaintiff continued receiving education incentive benefits from 1977 to 1982 under §108L.
On September 20, 1982, at a Special Town Meeting, the Town voted to rescind the 1972 acceptance of §108L. The Town vote was as follows:
Article 9 — Moved and seconded that the Town revoke and rescind the acceptance by the 1972 Annual Town Meeting of the provisions of General Laws, Chapter 41, Section 108L, entitled “Career Incentive Pay.”
Subsequently, beginning with the collective bargaining agreement negotiated for the period of July 1, 1983 to June 30, 1985, the Town and the Union included the following provision:
Employees who are presently receiving benefits as earned in accordance with the Career Incentive Pay Program (Chapter 41, Section 108L and as amended in accordance with the provisions of Chapter 480, Section 8 and 9 of the Acts of 1976) and all presently, as of July 1, 1982, appointed regular and permanent intermittent officer (when appointed regular officers) not currently receiving benefits, shall be entitled and afforded these benefits as established by this statute in the event the state legislature and/or the Town of Duxbrny modifies, changes or abolishes this law.
This provision has been included in each subsequent collective bargaining agreement negotiated since 1983.[3]
Plaintiff continued to receive education incentive benefits from 1982 through 1987.[4] Upon plaintiffs promotion to Deputy Chief of Police, plaintiff ceased receiving education incentive benefits. At that time, plaintiff understood that the benefits ceased because “management personnel were not allowed to collect [under the] Quinn Bill." Deposition of Donald Sjostedt, p. 5. In the fall of 1997, however, plaintiff formed the opinion that he was entitled to education incentive benefits under §108L and had been since 1987 when the benefits ceased. Plaintiff commenced the instant action on April 28, 1998.
*114 DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass 550, 553 (1976); Mass.R.Civ.P. 56(c). Where both parties have moved for summary judgment and “in essence there is no real dispute as to the salient facts or in only a question of law is involved, "summary judgment shall be granted to the party entitled to judgment as a matter of law." Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983).
Plaintiff argues that as a police officer who has attained a certain level of education in law enforcement, he is entitled to receive education incentive benefits under G.L.c. 41, §108L. He asserts that these benefits should not have ceased upon his appointment to Deputy Chief of Police in 1987. Plaintiff makes no claim under the collective bargaining agreement. He admits that his positions as Deputy Chief of Police and, subsequently, Lieutenant are nonunion and thereby are not governed by the collective bargaining agreement. Plaintiffs claim for benefits rests solely on §108L.
Defendants’ argument that plaintiff has no claim under §108L because the Town revoked its acceptance of §108L in 1982 is without merit. Section 108L provides for its acceptance by any city or town but it does not contain a provision permitting a city or town to rescind its acceptance. “It is well established that when a locality exercises its option to accept the provisions of general legislation, absent a provision in the statute permitting revocation of such acceptance, the statute is operative in the community until it is repealed or amended by the Legislature.” Labor Relations Commission v. Board of Selectmen of Dracut, 374 Mass. 619, 628 (1978) (town could not revoke its acceptance of G.L.c. 41, §108L); See also Chief of Police of Dracut v. Dracut, 357 Mass. 492, 496 (1970); Brucato v. Lawrence, 338 Mass. 612, 615-16 (1959). Once the Town voted to accept the provisions of §108L in 1972, it was without power to rescind the statute. In other words, “(t]he subsequent vote of the Town, which attempted to revoke its earlier acceptance of G.L.c. 41, §108L, therefore had no effect.” Labor Relations Commission v. Board of Selectmen of Dracut, 374 Mass. at 628. Thus, the provisions of §108L are still in force in the Town.
In light of the fact that §108L is still operative in the Town, the next issue is whether plaintiff has an actionable claim under §108L. In 1987, upon his appointment to a management position, plaintiffs employment became subject to the Personnel By-Law. The Personnel By-Law contains a provision entitled Grievance Procedure which employees must follow if they have a complaint arising from their employment.[5] Plaintiffs purported right to the statutory benefits under §108L is an incident of his employment and therefore he was required to follow the grievance procedure to assert his complaint. There is no evidence in the summary judgment record that plaintiff complied with this requirement. Plaintiffs failure to exhaust his administrative remedies prior to seeking relief in this court bars the instant action. Boston Edison Co. v. Board of Selectmen of Concord, 355 Mass. 79, 84 (1968). Accordingly, plaintiffs claim for reinstatement of educational incentive benefits under §108L fails as a matter of law.[6]
ORDER
For the reasons set forth above, the Court hereby ORDERS that Plaintiffs Motion for Summary Judgment is DENIED and Defendant’s Motion for Summary Judgment is ALLOWED.

 General Laws, c. 41, §108L is known as the “Quinn Bill.”

 At some point between 1983 and collective bargaining agreement for the period of 1997-98, the word “Employees” was changed to “Officers.”

 The parties dispute under which authority plaintiff received these benefits from 1982 to 1987. Plaintiff contends that he was collecting the benefits under §108L while defendants assert that plaintiff was receiving these benefits under the collective bargaining agreement.

 The grievance procedure as outlined in the Personnel By-Law effective July 1, 1996, requires the employee to file a written statement of the cause of the complaint with the department head and Town Manager. Thereafter, the department head shall meet with the employee and submit in writing recommendations to resolve the grievance to the Town Manager. If the employee disagrees with the recommendations, he shall submit a written response to the Town Manager who shall render a written decision on the alleged grievance. If the employee is still dissatisfied, he may request a review of the Town Manager’s decision by the Personnel Board. The decision rendered by the Town Manager, or if appealed, by the Personnel Board is final and binding. There is no provision permitting judicial review of the final decision.

 Although the court rules that plaintiffs claim is barred by his failure to exhaust his administrative remedies, the court will briefly address defendant’s argument that plaintiff s claim is barred by the statute of limitations. Plaintiff last received benefits in 1987 and he filed this action on April 28, 1998, over 11 years later. As plaintiffs employment is governed by the Personnel By-Law, his recourse in Superior Court to seek relief of the Town’s failure to pay benefits is in the nature of certiorari under G.L.c. 249, §4 because judicial review is unavailable of a Personnel Board decision. “Certio-rari is available to correct errors of law in administrative proceedings where, as here, judicial review is otherwise unavailable.” Mayor of Revere v. Civil Service Commission, 31 Mass.App.Ct. 315, 321 (1991); Kern v. Personnel Administrator of the Department of Personnel Administration, 28 Mass.App.Ct. 938, 939 (1990). If plaintiff had exhausted his administrative remedies under the Personnel By-Law and was aggrieved by the decision, he would have had 60 days from the date of the last administrative action to file his complaint in Superior Court. G.L.c. 249, §4. Even if this court were to assume that each time the Town failed to include benefits in plaintiffs paycheck constituted a continuing violation and an administrative action, the most plaintiff would be entitled to claim would be benefits for the 60 days prior to filing his action. G.L.c. 249, §4. All other amounts claimed as benefits would fall outside the 60 day statute of limitations.